*Grand-Isle,*
January,
1826.

Isi FLETCHER, defendant below *vs.* ELIAS HOWARD, plaintiff be-
low.----*IN ERROR.*

Property in personal chattels may pass by bargain and sale, for a sufficient consideration, without
delivery, *as between the parties ;* but to render the sale valid as against any one but the vendor,
there must be a delivery of the possession.

When, therefore, the same chattel is sold to two different persons, by conveyances equally valid, he
who lawfully acquires the possession, will hold it against the other.

In cases of *pledge* of personal chattels, the general property remains in the former owner, and only
a special property passes to the pawnee.

It is essential to every pledge of a personal chattel, that it be accompanied by delivery of possession ;
and if the pawnee takes a delivery, and yet immediately re-delivers the thing pledged to the former
owner, or permits it to go back into his possession, the special property created by the bailment is
determined and gone.

A party has a right (on trial) to require the opinion of the court upon any point of law which is per-
tinent to the issue, and a refusal of the court to give such opinion is cause for exception, and a
ground of error.

ERROR, to reverse a judgment of Grand-Isle county court.
The action below was *trespass,* for taking a hog, originally com-
menced before a justice of the peace, and brought by appeal to the
county court.   On the trial there, the plaintiff offered evidence
to prove, that in June, 1823, he signed a note as surety with
one *Jesse Peters* to *Amos Blodget* for six cider barrels, made pay-
able the first of September, 1823, and that *Peters* thereupon
pledged the hog in question to him, (being the only hog he had,)
as indemnity for signing said note ; that the hog was not deliv-
ered to him, *Howard,* at the time of the pledge, but remained in
the care and possession of *Peters* till August 2, 1823 ; but that
*Howard* was to take possession when he pleased.   That after
the hog was taken by *Fletcher,* and before the note became
due, plaintiff paid the note and took it up.

The defendant offered, and read in evidence, the following
memorandum, to wit, "An inventory of tools sold to *Isi Fletcher,*
on the first day of August, 1823, at the prices set to each ; and
when redeemed, I am to have the tools again." (then follows
the list of tools, with the hog and the prices affixed to each.)
The memorandum then concluded as follows : "the above agree-
ment is such, that if the said *Jesse Peters* does not redeem the
above tools, the said *Fletcher* is to have the above property, at
the appraisal of good judges.        (*Signed,*)    JESSE PETERS.

The defendant then offered to prove, that the said tools, which
at the prices affixed, amounted to $14,25, were never received
by him ; which was admitted by the court.   He also offered
evidence to prove, that the price of $5, affixed to the hog, was
the price *agreed on by the parties,* which was objected to by the
plaintiff, and rejected by the court ; to which opinion the de-
fendant excepted.   The defendant also offered evidence to prove,
that the said property was to be redeemable in labour and coop-
er's work ; which was objected to by the plaintiff, and rejected
by the court ; to which the defendant also excepted.   The de-
fendant also offered evidence to prove, that on the first day of

August, 1823, the said *Peters* was indebted to him in the sum of $12, and that he then and there discharged the same debt, in consideration of said agreement.

The plaintiff then offered evidence to prove, that on the second day of August, 1823, in the morning, he took the hog from *Peters* and drove it home. And the defendant gave evidence to prove, that the same hog returned to *Peters'* possession the same day, by noon, and remained there till the 8th of August, when the defendant took it, by virtue of said memorandum, into his possession and had, ever since retained it.

The defendant's counsel thereupon requested the court to charge the jury, that if they found that the hog returned from *Howard's* after he drove it home as aforesaid without straying, or if having returned by straying, it remained in the possession of *Peters* with the consent, knowledge and permission of the plaintiff, until *Fletcher* took possession as aforesaid, the transaction between *Peters* and *Howard* was fraudulent——that the defendant had a right to take the hog as aforesaid, and was entitled to a verdict. But the court refused to charge them as aforesaid, and also refused to charge them at all on that point, and left them to decide the law as well as the facts; to which refusal, and direction to the jury to decide the law, the defendant excepted, and tendered his bill of exceptions, which were allowed.

The errors assigned in this writ embraced the several matters excepted to as aforesaid.

After argument, the opinion of the Court was delivered by

PRENTISS, J. There is no doubt that property in personal chattels may pass by a bargain and sale, for a sufficient consideration, without delivery, as between the parties to the sale; but then, as against every one but the vendor, there must be a delivery of the possession. When, therefore, the same chattel is sold to two different persons, by conveyances equally valid, he who first lawfully acquires the possession will hold it against the other. (*Lanfear* vs. *Sumner*, 17 *Mass*. 110.) The liability of the plaintiff below to pay the small note signed by him as surety for *Peters*, the former owner of the hog, was undoubtedly a sufficient consideration for the transfer to him; and the discharge of the debt due from *Peters* to the defendant, was an equally valid consideration for the subsequent assignment to the defendant.

Both transfers, therefore, being equally valid, as it respects the consideration on which they were made, and good against *Peters*, the rights of the parties at the trial, as against each other, must have depended altogether on the question of possession. The evidence given was, that the transfer to the plaintiff was made in June, but no delivery or possession was taken by him, until the 2d of August following. He then took the hog into his keeping for a few hours; but the same day it went back into the possession of *Peters*, and there continued until the 8th of August,

*Grand-Isle,*
January,
1826.

*Fletcher*
*vs.*
*Howard.*

when the defendant took possession of it, under the bill of sale executed to him, dated the 1st of August. Although the possession taken by the plaintiff on the second of August, was before the defendant acquired possession, yet the possession so taken, if the transfer to the plaintiff had been an absolute sale, would not avail him, if he permitted the hog immediately to go back and remain in the possession of *Peters.* Such a temporary possession of the plaintiff, would be as no possession against the defendant, who was a creditor of *Peters*, and took the assignment of the hog in satisfaction of his debt. The principle is, that the continuance of the vendor in possession of a personal chattel, gives him a false credit, and enables him to impose upon the world, and deceive and defraud those who deal with him.

The transfer to the plaintiff, therefore, to be valid against the defendant, must have been accompanied and followed with possession; and this would be so, whether the transfer was a sale, or a mere pledge. But considered as a mere pledge, as the bill of exceptions states it to have been, there is another view of the case. It is essential to every pledge of a personal chattel, that it should be accompanied by delivery of possession, or it will not be valid; and in case of delivery, the general property remains in the former owner, and only a special property passes to the pawnee. (*Cro. Jac.* 245.----*Yelv.* 178.----16 *Vir. Abr.* 263. ----*Powell on Mortg.* 3.) If, therefore, the pawnee takes a delivery of the thing pledged, and yet immediately redelivers it to the owner, or, which is equivalent thereto, permits it to go back into his possession, the special property, created by the bailment, is determined and gone. The general owner having the possession, may lafully dispose of it to any one, and the pawnee has no such right or property in the thing, as will enable him to maintain trespass, or indeed any action to recover it. In every view of the case, the defendant had a right, on the evidence given, to call upon the court to instruct the jury, that if the plaintiff permitted the hog to go back into the possession of *Peters*, or it was permitted to remain there with his knowledge and consent, the defendant, under the assignment to him, acquired the legal property. A bill of exceptions is not confined, as the plaintiff's counsel argued that it was, to some opinion or decision expressed by the court in the course of the trial, or some positive misdirection to the jury. A party has a right to require the opinion of the court upon any point of law which is pertinent to the issue, and the refusal of the court to give such opinion is cause for exception, and a ground of error. (*Smith* vs. *Carrington*, 4 *Cranch.* 62.) On this ground, without considering the other points discussed in the argument, the judgment must be reversed.

Judgment reversed.

*A. G. Whittemore* and *J. C. Thompson*, for the plaintiff in error.

*Hector Adams, Asa Aldis* and *James Davis*, for the defendant in error.