CYRUS FARNSWORTH *vs.* HARVEY SHEPARD.

CALEDONIA,
*March,*
1834.

A salo of personal property, unaccompanied with a change of possession, is *per se* fraudulent as against the creditors of the vendor.

This was trespass for a mare, to which the general issue was pleaded, with notice of an attachment and sale of the mare by the defendant, a deputy sheriff, as the property of one Silas Barker.

The plaintiff proved the taking as alleged, and introduced evidence to prove that in August, A. D. 1831, he purchased the mare in question of said Barker, who was his brother-in-law, at an adequate and fair price, which was paid.—That from the time of said purchase until the attachment by the defendant in March, A. D. 1832, he kept and used her as his own, and that it was well understood in the neighborhood where he and Barker lived, that the plaintiff owned the mare.

The defendant, in addition to the records shewing the matters contained in his notice, introduced evidence to prove that at the time of the sale to the plaintiff, said Barker was much embarrassed with debts.—That in the fall of 1831, Barker rode the mare twice to Danville and once to Greensboro'.—That he several times drove her to meeting with some of the plaintiff's family in a wagon, and at a few other times was seen riding or driving said mare in the neighborhood. And it was proved that when the defendant attached her, Barker and one Ellis were returning from Randolph with the mare harnessed to their sleigh.

It appeared that the family of Barker lived in the plaintiff's house with his family during the summer and fall of 1831, and left it in December, 1831.

The plaintiff called said Ellis, who testified that he was interested with Barker in the business and journey to Randolph, and was present when Barker applied to the plaintiff to hire the mare for that journey.—That the plaintiff was reluctant to let her go, but finally consented on the witness becoming accountable that she should be well used.

The defendant requested the court to charge the jury that if they found the fact that the mare was attached while in the exclusive possession of Barker, it was fraud *per se* in the plaintiff in suffering the mare to go back into the possession of Barker, and furnished a good defence to the action. But the court·

CALEDONIA,
March,
1834.

———

Farnsworth
vs.
Shepard.

having charged the jury on the question whether the sale was fraudulent in fact, instructed them, in reference to the defendant's request, to the following effect:—That if, on weighing the evidence before them, they should find it proved that upon the purchase of the mare the plaintiff took the actual and exclusive possession of her, and continued such possession, so that for several months it had been notorious in the neighborhood: that the instances of use by Barker previous to his journey to Randolph, considered in connexion with the other evidence of possession, did not furnish any reasonable inference in the neighborhood against the property or possession of the plaintiff, and that Barker obtained the mare for that journey by a hiring or lending in good faith, as one neighbor would ordinarily hire or lend to another for such a temporary purpose, the plaintiff would be entitled to recover, unless his purchase was collusive or fraudulent in point of fact; but if they should not find all these facts established by the evidence, the defendant would be entitled to their verdict.

There was a verdict and judgment for the plaintiff; and to the refusal of the court to charge the jury as above requested, and to the charge of the court on the above request, the defendant excepted. Exceptions allowed and certified.

*Davis & Bell* for plaintiff.
*I. Fletcher* for defendant.

The opinion of the court was delivered by

MATTOCK, J.—The only question in this case is, whether from the facts disclosed in the bill of exceptions, as proved on trial, the sale of the horse by Barker to the plaintiff, was fraudulent in law for want of a sufficient change or transfer of possession by the vendor to the vendee. It has been settled some time since by several decisions in this state, which are well known, that if he who transfers personal property, permits him who sells it to remain in possession after such sale, it is a fraud in law, or that such possession is a fraud, *per se*. This still remains the settled law of the land; and although some learned gentlemen of the law have supposed that the court would eventually retrace their steps, as the courts in some of the neighboring states have done, that is, leave this as a badge of fraud to the jury, among others; yet we are not disposed to recede a jot, nor to advance a whit; but to remain stationary upon

CALEDONIA,
March,
1834.

Farnsworth
vs.
Shepard.

this, in other governments, vexed question, so as to give this branch of the law at least the *quality* of uniformity. Was the vendor suffered to remain in possession of this property, or did possession accompany and follow the sale? Let the facts found answer. In August, 1831, plaintiff purchased the mare of Barker, and from that time until March, 1832, when she was attached, he kept and used her as his own.—That in the fall of 1831, Barker rode the mare twice to Danville, and once to Greensboro.' He several times drove her to meeting with some of plaintiff's family in a wagon, and at a few other times was seen riding and driving said mare in the neighborhood; and when she was attached, Barker and one Ellis were returning from Randolph with her in a wagon. These are the whole facts relating to the possession. What was this but an open and visible and continued change of possession from Barker to the plaintiff for over seven months before the attachment, that is, the general and permanent possession? And can the few and fitful instances of the use by Barker be considered as a possession, either joint or several, with the plaintiff, within the meaning of the law, when it does not appear that Barker kept the animal in his barn or field a day or night, and it does appear that the plaintiff kept and used her as his own for the time before mentioned? Reverse the case, and suppose Barker had bought the mare of the plaintiff, and what pretence could there have been that Barker had the possession during the seven months, save in the little snatches of time that he had her by the reins, or was astride of her? Surely these temporary lendings or hirings do not give character to a possession, any more than a few occasional visits will make the house of the host the domicil of the guest. Is every man of property, who buys a horse of a poor man, to be forbid the exercise of the common charities of good neighborhood as to that poor debtor? And can he not, without subjecting his property to lawful seizure, lend him that horse to go to mill or to meeting, which will deceive no creditor? This, therefore, is not a case that comes within the principle of the adjudged cases of fraud, *per se;* and so as matter of law, it was correctly so decided by the county court; and the defendant was not entitled to the instruction to the jury which he requested. The remainder of the case was a question whether the sale was fraudulent *in fact.* No request to charge was made on this subject, and the judge summed up

Farnsworth
*vs.*
Shepard.

the evidence in the manner he thought most suitable to the case, and for aught we see, correctly.

The judgment of the county court is affirmed.