WILLIAM M. KENDALL *v.* DEXTER SAMSON.

WASHINGTON,
*March,*
1840.

Upon the sale of a chattel, there must be a substantial, visible change of
the possession ; and it must be exclusive in the vendee, or the sale will
be void against the creditors of the vendor; yet, it is sufficient, if the
change in the possession is perfected prior to the time of the attachment
of the goods by the creditor of the vendor.

TRESPASS for taking a horse. Plea, the general issue, and
notice. On the trial in the county court, the following facts
were established. The plaintiff had purchased the horse in
question, in October, 1837, of one Andrew P. Walcott, and,
after keeping it some few days or weeks, put it upon a farm
which he had recently purchased, his title being upon re-
cord.

Walcott had been in possession of the farm for some time
previous to plaintiff's purchase, and continued to reside up-
on it until after the defendant attached the colt as the pro-
perty of said Walcott.

Walcott carried on some portion of the farm, had some
cattle, and plaintiff some, and the horse continued upon the
farm until he was attached at the suit of one Claggett,
against said Walcott.

At the time the plaintiff bought the horse, he paid $25
for him, (this being a fair price) partly in a note he held a-
gainst Walcott, and partly in money.

The property was attached at the suit of Claggett some
time in March 1839, and, after this attachment was dissolved,
Claggett directed the defendant to deliver the horse to
the plaintiff, Walcott being present, but it being late in the
evening, the defendant consented that the horse should re-
main in his barn until morning for the plaintiff then to re-
ceive him. Walcott wished the horse delivered to the plain-
tiff. The plaintiff asked the defendant, if the horse might
remain in his barn for him (the plaintiff) until morning, to
which defendant replied it might and welcome.

Before morning the defendant attached the horse, as the
property of Walcott, at the suit of one Spear, upon a debt
which accrued in the month of February, 1839.

There was testimony in the case, that Walcott, after
the sale and up to the time of the attachment, had repeated-

ly used the horse as his own, and also that the plaintiff had sometimes used the horse.

The defendant's counsel requested the court to charge the jury, that there was no sufficient change of possession proved to perfect the sale, as against the creditors of Walcott.

But the court charged the jury that if the sale was *bona fide,* and the testimony in relation to change of possession was believed by them, the plaintiff's title was sufficiently made out even against Spear. That no other change of possession was necessary than what appeared to exist at the time of the attachment.

To this decision and charge the defendant excepted.

*J. L. Buck,* for defendant, insisted that there must be a visible, substantial change of possession of personal chattels, accompanying the sale to give the vendee a title against the creditors of the vendor. And that change must be continued. *Durkee* v. *Mahony,* 1 Aik. 116. *Weeks* v. *Weed,* 2 Aik. 64. *Edwards* v. *Harben,* 1 T. R. 587. *Hamilton* v. *Russell,* 1 Cranch, 309. *Sturtevant* v. *Ballard,* 9 Johns. 337. *Mott* v. *McNeal,* 1 Aik. R. 162. *Fuller* v. *Sears, et al.* 5 Vt. R. 527.

Had this suit been brought for attaching the horse at the suit of Claggett the sale must have been held fraudulent, *per se,* for want of a continued change of possession. The case of *Weeks* v. *Weed,* cited above, is analogous to the case at bar, so far as to the time of the first attachment.

Did the plaintiff do any act after Claggett's attachment was dissolved, which would give him title to the horse?

It does not appear that any contract was made between the plaintiff and Walcott after that time, nor that the plaintiff notified the defendant that he had any claim to the horse by purchase, or in any other manner.

It is admitted that where personal chattels are in the possession of a third person at the *time* of sale, an actual change of possession is not necessary, but it is necessary to perfect the purchaser's title that he should give the keeper notice of the purchase and request him to keep them for the vendee. *Pierce* v. *Chipman,* 8 Vt. R. 334. *Barney* v. *Brown,* 2 Vt. R. 374. *Spalding* v. *Austin,* Ib. 555. *Moore* v. *Kelly,* 5 Vt. R. 34.

This was not a sale of the horse while in the possession of a third person, as there was no evidence of any *sale* at any time, except that pretended to have been made in October, 1837.

The fact that Claggett directed the horse to be delivered to the plaintiff can have no effect, because, while under the attachment in his favor, the horse was in the custody of the law, and after that attachment was dissolved the plaintiff had no interest in, or control over the horse.

It was the duty of the officer to return the horse to Walcott, which it must be presumed he would have done, if he had not been directed to make the attachment at the suit of Spear.

*H. Carpenter and L. B. Peck,* for plaintiff, contended that the horse was not subject to the debts of Walcott after the purchase by the plaintiff. The latter owned the farm on which the horse was kept, a part of which he carried on, and this, they insisted, constituted a sufficient change of possession. But however this might be, what took place at the time Claggett's attachment was dissolved put the horse beyond the reach of the vendor's creditors, as has been frequently held by this court. *Barney* v. *Brown,* 2 Vt. R. 374. *Spalding* v. *Austin,* id. 555.

The same rule prevails in England. (*Whitehouse* v. *Frost,* 12 East, 614. *Lucas* v. *Darrien,* 7 Taunt. 278)

The opinion of the court was delivered by

BENNETT, J.—Whatever fluctuations there may have been in the decisions of the courts of our sister States, with us there has been but one course of decisions. Upon the sale of a chattel, we have required a substantial, visible change of the possession, and one which is exclusive in the vendee ; otherwise the sale is void as against the creditors of the vendor. The possession of this horse, after the sale, seems to have been *concurrent,* in the vendor and vendee down to the time of the attachment by Claggett in March, 1839. After this attachment by the defendant, he took the possession of the horse and it remained in the custody of the law until Claggett's attachment was dissolved. Neither the vendor nor vendee had any further possession or control over

WASHINGTON,
March,
1840.

Kendall
v.
Samson.

it. When Claggett's attachment was dissolved, it became the duty of the defendant to see the horse restored to the proper person. The case finds that both Claggett and the vendor requested the horse to be delivered to the vendee, who was then present, and the vendee requested the defendant to keep the horse for him, until morning, to which the defendant assented. The defendant had, at this time, ceased to have any control over the horse, by reason of the first attachment, and he became the agent and bailee of the vendee. His possession was the possession of the plaintiff, and to him alone was he responsible for a return of the horse. Though upon the sale of a chattel, there may not have been such a change in the possession, as is necessary to protect it against the creditors of the vendor, yet, such change may, at any time, be perfected before an attachment intervenes. If the change does not immediately follow the sale, this would indeed be proper matter to go to the jury on the question of a fraudulent sale in fact, but it would be too much to hold, that the change in the possession could not be perfected, subsequently to the sale, so as to avoid the effect of the principle applicable to sales, *fraudulent per se*, provided no attachment had intervened. The principle which pronounces a sale, which is, in fact, *bona fide* and upon sufficient consideration, fraudulent *per se*, against creditors, for the want of a sufficient change in the possession, is founded upon policy; but it is not to be extended beyond what sound policy dictates.

The judgment of the county court is affirmed.