Hon. CHARLES K. WILLIAMS, CHIEF JUDGE.
Hon. STEPHEN ROYCE,   }
Hon. WILLIAM HEBARD, }   ASSISTANT JUDGES.

---

DELIVERANCE ROGERS *v.* GEORGE O. VAIL AND OTHERS.

Property found in the possession of the former owner was held liable to be
attached on his debts, notwithstanding it had been assigned by him, to
trustees for the benefit of his creditors generally, and the trustees, had ta-
ken exclusive possession of it and had advertised it for sale, and, after
keeping possession of it, for fourteen days, had sold it at public auction, in
pursuance of the advertisement, to the plaintiff, who had permitted it to go
back into the possession of the original owner.

TRESPASS, for taking certain personal property, which the de-
fendant Vail, who was a deputy sheriff, attached as the property of
one Daniel Bartlett.

It appeared that said Bartlett made an assignment of all his per-
sonal property, except what was exempt from attachment and levy,
to James McDaniels and others, in trust, to pay certain specified
creditors of said Bartlett, and the surplus to be applied to the pay-
ment of all other debts due from Bartlett. McDaniels took posses-

sion of the property assigned, and immediately advertised the same for sale at public auction, and, at the expiration of fourteen days,— during which time the property remained in the exclusive possession of McDaniels,—sold the same in pursuance of said advertisement. The sale was attended by a large concourse of people; and the plaintiff bid off some portion of the property taken by the defendant, and purchased the remainder at that time from other persons who purchased it at the sale. Immediately after the sale the plaintiff permitted the property to go back into the possession of Bartlett, who retained possession of it, until it was taken by the defendant Vail. The property was attached by Vail on a writ in favor of one who was a creditor against Bartlett at the time of the assignment.

The court charged the jury that the same rule of law applied to this case, as it respected the necessity of a change in the possession of the property, that applied to the usual case of a sale of personal property, and that, if the plaintiff, immediately after the sale, permitted the property to go back into the possession of Bartlett, and it remained in his possession as it was previous to the assignment, the sale was fraudulent in law, and void as against the creditors of Bartlett, notwithstanding the exclusive possession of the property by McDaniels for the fourteen days that elapsed between the assignment and the sale.

Verdict for defendants. Exceptions by plaintiff.

———— ———— for plaintiff.

1. The plaintiff insists in this case that the taking the exclusive charge of the property for the term of fourteen days, and the public sale, with all the notoriety and competition of a sheriff's sale, constituted, *prima facie,* a sufficient change of possession in law, and threw upon the defendants the burden of proving that this sale and change of possession were collusive or fraudulent in point of fact.

2. By the terms of the assignment all the property must be accounted for to the just creditors of Bartlett; and for this the assignee is personally responsible. By such a state of circumstances the very foundation for the doctrine of fraud in law is removed. It would be no answer, for the assignee to make to the creditors, that the assignor had used the property, or that it had been, in other ways, perverted from the purposes of the trust.

McGlynn *v.* Billings.

*S. H. & E. F. Hodges* for defendants.

The counsel for the defendants can perceive nothing in these exceptions, which takes the case out of the rule in relation to conveyances fraudulent in law, so long settled in this state. *Tobias* v. *Francis*, 3 Vt. 425. *Woodward* v. *Gates*, 9 Ib. 358. *Batchelder* v. *Carter*, 2 Ib. 168. *Kelly* v. *Hart*, 14 Ib. 50. *Judd* v. *Langdon*, 5 Ib. 231.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The sale, under which the plaintiff claims, is inoperative and void, under that rule of law which declares a conveyance of personal property, unaccompanied by a change of possession, fraudulent *per se*; and there does not appear to be any thing in the case to make it an exception to that rule, but what has already been adjudged not to be any exception.

The plaintiff claimed under an assignment made for the benefit of his creditors.   This was considered as making no difference whatever in the case of *Hall* v. *Parsons*, 15 Vt. 358.   That the sale was made at public auction was not regarded as forming any exception, or furnishing any reason why the possession should not be changed, in *Batchelder* v. *Carter*, 2 Vt. 168.   The property being out of his hands for fourteen days, was not such a visible, notorious and substantial change of possession as is requisite; and cannot have a greater effect than the case of property going back into the possession of the vendor without and against the consent of the vendee;—and the latter was not considered as exempting the sale from the rule of law before mentioned, in the case of *Emerson* v. *Hyde*, 8 Vt. 352.   We think the court correctly instructed the jury on this subject, and that the plaintiff is not entitled to recover as against the creditors of his vendor.

The judgment of the county court is affirmed.