MURRAY & REED *v.* CONSTANTINE CHADWICK.

*Sheriff's Sale. Evidence. Agency. Sales. Change of Possession.*

A sheriff's sale made on a valid execution in substantial compliance with statutory requirements, will confer the debtor's title on the purchaser, without regard to the correctness of the officer's return on the execution. Thus, in trespass by the purchaser against the execution debtor, for retaking the property after sale, it appeared that the sale was so made, but that the return contained no recital of a demand on the debtor before levy, nor of advertisement at a public place, nor that the sale was made at such a place. *Held*, that the purchaser acquired title as against the debtor.

The defence was that defendant retook the property in question, which consisted of a sleigh, as the property of L., therein acting as L's agent. Defendant and L. testified that defendant bought the sleigh for L., and that it was L's property when attached and sold. Plaintiff introduced evidence tending to prove that when the sleigh was attached defendant said he bought it for himself, and afterwards sold it to L. ; and the court found in accordance with plaintiff's evidence. To that finding the defendant excepted, for that there was no evidence of the fact so found. *Held*, that, as L. was not a party, and as defendant was setting up L's title in his own behalf, the evidence of defendant's declarations was not within the rule excluding evidence of the declarations of an agent made after accomplishment of the purpose of his agency, nor within the rule excluding the declarations of a former owner in derogation of the title of his grantee ; and that the finding was therefore without error.

L. owned and had exclusive possession of the premises where she lived, and defendant lived with her and worked for her for his board, carrying on land, doing errands, chores, &c. When he bought the sleigh it was brought to L's premises, and put under a shed thereon, where it was afterwards kept, except when in use, until it was attached. After it was brought there defendant used it once or twice, but with L's horse and harness, and on L's business, and L. went with him therein several times. *Held*, that as, under the circumstances, *q. v.*, it was to be inferred that the sale to L. was immediately after the sleigh was taken to her premises, there was a sufficient change of possession to protect the sleigh from attachment as the property of defendant.

TRESPASS and trover for a sleigh, brought to the City Court of Burlington. Plea, general issue, and notice that the defendant took the sleigh as the property of Mary J. Luce, and that he took it as her agent. Trial by the court, HASELTON, J.

The plaintiffs made such title as they had to the sleigh through a sale thereof, on February 28, 1879, as the property of the de-

fendant, on an execution issued on a judgment in their favor, to Elroy E. Wallace, their agent, who placed it in the barn of Isaac Thayer, whence it was taken by the defendant. The return on the execution did not state that before making the levy the officer "repaired to the abode" of the debtor, and demanded the sum required to be levied, nor that the sleigh was advertised at a public place, nor that the sale was made at such a place. It appeared, however, that the premises where the sleigh was advertised and sold, were used and known as a hotel. The defendant insisted that, the return wanting statements as aforesaid, the sale conferred no title ; but the court held that if the defendant owned the sleigh when attached and sold, the return "was sufficient to give the plaintiffs title" ; to which the defendant excepted.

The defendant introduced in evidence the deposition of Mrs. Luce, which was to the effect that, at some time about the middle of January, she applied to the defendant,—who lived with her and worked for his board, and who owed her $50,—for money with which to buy a sleigh ; that the defendant had not the money, but agreed to let her have a watch on his debt to use for that purpose ; that she told him he might go and trade the watch for a sleigh, and that he did so, thereby procuring the sleigh in question ; that the defendant brought the sleigh to the deponent's, and that it was kept in her possession till it was taken on process at suit of the plaintiffs ; that the deponent paid the difference between the value of the watch and the sleigh in money to the man of whom the sleigh was procured, and that she considered the sleigh her property. The defendant testified that he had been at work for Mrs. Luce since a considerable time before the sleigh was purchased, for his board, taking care of her land, doing chores, and such errands and business as she called on him to do, that the sleigh had never belonged to him, and further in corroboration of the deposition of Mrs. Luce. The plaintiffs claimed that the defendant bought the sleigh for himself, and introduced in evidence the depositions of the officer by whom the execution sale was made, and of said Wallace, which were to the effect that when the sleigh was attached at suit of the plaintiffs, the defendant told the officer that he swapped a watch for the sleigh, that when he

traded for it it was his, that he had since sold it to Mrs. Luce and taken up a note for $50 that she held against him, that the sleigh did not then belong to him ; and that the sleigh when attached was under a shed on Mrs. Luce's premises, and near her house. From all the evidence the court found that the defendant bought the sleigh in his own behalf, and that when it was taken to Mrs. Luce's it was his property. To that finding the defendant excepted, for that there was no evidence tending so to prove.

It appeared that Mrs. Luce owned the premises on which she lived ; that when the defendant bought the sleigh it was taken to her premises and put under the shed whence it was taken on attachment, where it ever after remained, except when it was in use, until it was attached ; that Mrs. Luce and the defendant both used it ; that the defendant drove in it once or twice alone, but with Mrs. Luce's horse and harness, and on her business ; and that he drove in it three or four times with Mrs. Luce, but with her horse and harness. The court found that the sleigh was sold to Mrs. Luce by the defendant after it was taken to her premises, but considered that there was not a sufficient change of possession to protect it from attachment as the defendant's property, and rendered judgment for the plaintiffs ; to which the defendant excepted.

*A. V. Spalding*, for the defendant.

The return on the execution does not show a compliance with the statute. The plaintiffs therefore took no title. *Hale* v. *Miller*, 15 Vt. 211 ; Gen. Sts. c. 47, ss. 2, 3, 4 ; Bennet Just. 252.

There was no evidence that the defendant bought the sleigh in his own behalf. The defendant's declarations were not evidence to affect the title of his purchaser. *Bullard* v. *Billings*, 2 Vt. 309 ; *Brackett* v. *Wait*, 6 Vt. 411 ; *Alger* v. *Andrews*, 47 Vt. 238, and other cases.

There was a sufficient change of possession to protect the sleigh from attachment. The sleigh was in the purchaser's possession when attached. *Judd* v. *Langdon*, 5 Vt. 231 ; *Flanagan* v. *Wood*, 33 Vt. 332, 343 ; *Burrows* v. *Stebbins*, 26 Vt. 663 ; *Wilson* v. *Hooper*, 12 Vt. 653 ; *Sleeper* v. *Pollard*, 28 Vt. 709 ; *Hall*

v. *Parsons*, 17 Vt. 271 ; *Mills* v. *Warner*, 19 Vt. 609 ; *Stephenson* v. *Clark*, 20 Vt. 624.

*W. L. Burnap*, for the plaintiffs.

The decision of the court as to the first question was correct. The levy of an execution is not invalidated by omission to make demand of payment prior thereto. *Warner* v. *Stockwell*, 9 Vt. 9, 21 ; *Collins* v. *Perkins*, 31 Vt. 624. The place named in the return was presumably a public place. *Drake* v. *Mooney*, 31 Vt. 617 ; *Alger* v. *Curry*, 40 Vt. 437. It is also to be presumed that the place of advertisement was the place of sale. *Drake* v. *Mooney*, *supra*. But it appeared that the place of advertisement and sale was a public place.

The finding that the defendant bought the sleigh for himself and afterwards sold it to Mrs. Luce, cannot be disturbed, if there was any proper evidence to support it. The evidence as to admissions of the defendant, having been admitted without objection, must have its effect. *Sequin* v. *Peterson*, 45 Vt. 255 ; *State* v. *Preston*, 48 Vt. 12. The defendant's declarations were not within the rule excluding evidence of declarations, made by a vendor derogatory to the rights of a vendee. Evidence of them was admissible also as tending to show the character of the transfer and the nature of his apparent possession. *Grant* v. *Lewis*, 14 Wis. 487.

There was no sufficient change of possession. The possession after the sale to Mrs. Luce was at most a joint possession. *Kendall* v. *Samson*, 12 Vt. 515 ; *Stiles* v. *Shumway*, 16 Vt. 435 ; *Moore* v. *Kelley*, 5 Vt. 34 ; *Flanagan* v. *Wood*, 33 Vt. 332, 343 ; *Mills* v. *Warner*, 19 Vt. 609.

The opinion of the court was delivered by

Ross, J. I. The title of a purchaser to property bought at an official or sheriff's sale is not dependent upon the correctness of the officer's return upon the process under which the sale is made, nor upon the fact of whether the officer ever makes return upon the process. His title is good against the execution debtor, if the sale be made under the authority and by virtue of a valid process,

in substantial compliance with the requisitions of the statutes. It is not dependent upon what the officer may after such sale do by way of making a return on the process, nor is he bound by the facts stated in such return, if made, but may show that the sale was made in substantial compliance with the provisions of the statute, by proof *aliunde* the return of the officer. *Fitzpatrick* v. *Peabody*, 51 Vt. 195. As the return objected to, with the other facts found by the court, show a substantial compliance with the statutory provision in that behalf, the City Court committed no error in holding that the plaintiffs obtained a good title to the sleigh against any title therein existing in the defendant, the execution debtor, at the time such sale was made.

II. The depositions of the Wallaces as to what the defendant said in relation to having purchased and owned the sleigh in his own right, if legally admissible in evidence, tended to show such ownership in the defendant. No exception appears to have been taken to the admission of these depositions. The exception was to the finding of the court that the defendant bought the sleigh in his own behalf, and owned it when it was first taken to the premises where it was when attached, on the ground that there was no testimony to show that the fact was as found by the court. If this exception is given the broad construction claimed by the defendant, as reaching to the depositions named, it will not avail him. Although the defendant claimed to justify the taking of the sleigh as the property of Mrs Luce, and as taken by him as her agent, he was setting up her title to the sleigh in his own behalf and defence, and hence, what he said about once having owned the sleigh in his own right was admissible against him. She was not a party to the suit, and so her title in fact would not be concluded and adjudicated against her. Hence, his admissions, though in derogation of her title, under which he defended, do not fall within the rule excluding the declarations of a former agent made after his agency has been accomplished, nor of the rule excluding the declarations of a former owner made in derogation of the title of his grantee after he had ceased to own the property. This latter rule applies in cases where the grantee is a party, and the

38

grantee's title is being conclusively adjudicated against him. Hence, there was no error in the finding of the City Court that the defendant once owned the sleigh, and that it was his property when first taken to the premises of Mrs. Luce.

III.   The only other question raised by the exceptions relates to the change of possession of the sleigh from the defendant to Mrs. Luce.   The sale of the sleigh by the defendant to Mrs. Luce before attachment is found by the City Court.   The time when this sale was made is not definitively stated, but from what is stated, it is fairly to be inferred that it was made immediately upon the sleigh being taken to her premises, and that it was taken there, not for the purpose of being there kept and stored by the defendant as his property, but rather for the purpose of sale to her, and with the expectation that she would have it.   It is not even found that the defendant took the sleigh to her premises. The premises where the sleigh was kept ever after its purchase by Mrs. Luce were in her exclusive possession and control.   He had no other rights there than those of a boarder or hired servant, and no possession or control of the premises themselves.   The sleigh, after the purchase by Mrs. Luce, was never used by the defendant but once or twice, and then in her business, in connection with her horse and harness.   At other times when used, she accompanied it, but sometimes the team was driven by the defendant as her servant.   When attached it was on premises in her exclusive possession and control.   This latter fact the officer in making the attachment was bound to observe, and, as a candid observer, would be at no " loss to determine who was at the head controlling the business."   There are no facts found tending to establish a mixed or joint possession.   We think the facts found show a sufficient change of possession to protect the sleigh from being attached as the property of the defendant.   The industry of the plaintiffs' counsel has furnished us with a statement of facts in the following cases on which he relies : *Moore* v. *Kelley*, 5 Vt. 34 ; *Kendall* v. *Samson*, 12 Vt. 515 ; *Stiles* v. *Shumway*, 16 Vt. 435 ; *Mills* v. *Warner*, 19 Vt. 609 ; *Hall* v. *Parsons*, 15 Vt. 358, 365. In most if not all these cases the vendor of the chattel attached

was in the control and possession of the premises where the chattel was being kept, at the time of the attachment, and the vendee, in some of the cases, was at the premises, not as the controlling person or occupying in his own right, but in some minor capacity. They are more nearly to what this case would have been if Mrs. Luce had sold the sleigh to the defendant, and it ‘had been attached while being kept by him in its usual place, on her premises, he being but a boarder or hired servant there. No doubt on such a state of facts the sleigh could be attached and held as the property of Mrs. Luce, for the want of a change of possession. The facts found by the City Court do not bring the case within the definition of a joint possession, as laid down in *Hall* v. *Parsons*, 15 Vt. 365, to wit: “ If a candid observer would be at a loss to determine who was at the head, controlling the business, it would be deemed joint possession.” Any candid person observant of how she was occupying and carrying on the place of which she held the title, and of how he was stopping there, could be at no loss to determine who was controlling the business, and exercising the acts of an owner. If the possession was not in appearance, as it was not in fact, jointly in Mrs. Luce and the defendant, it was exclusively in her, the owner of the premises. Hence, the City Court erred in holding that the facts found did not constitute a sufficient change of the possession of the sleigh to protect it from attachment as the property of the defendant, and its judgment is reversed, and judgment rendered · for the defendent to recover his costs.