JOSEPH H. WARD AND OTHERS

v.

H. O. CAMP.

MAY TERM, 1893, WASHINGTON COUNTY.

*Change of possession in sale of personal property.    When
vendor's lien may supply the want of.*

If the owner of personal property sells and subsequently repur-
chases it, a vendor's lien reserved upon such re-sale will be
valid, although as against creditors there has been no suffi-
cient change of possession, for the reserving and record-
ing of the lien takes the place of possession.

Action on the case for false representations in the sale of
a horse.   Plea, the general issue, with notice that the de-
fendant sold the horse as deputy sheriff upon execution.
Trial by jury at the September term, 1892, Washington
County, Ross, C. J., presiding.   Verdict and judgment for
the plaintiffs.   The defendant excepts.

The testimony of the plaintiffs tended to show that they
were present where the defendant was selling the horse in
question at auction; that while the sale was in progress one
Boyce and the constable of the town of Barre appeared and
notified the defendant that they held a lien note upon the
horse in favor of Geo. W. and Abraham Mann, which lien
note they then had and upon which they demanded payment
or the possession of the property; that thereupon the de-
fendant assured the plaintiffs that this was not true; that the

title to the horse was perfect and that he would guarantee the same, and that they thereupon bid off the horse upon the strength of these representations, and subsequently took it and paid for it upon the repetition of these same representations by the defendant; that soon after the sale the horse was taken from their possession by the constable upon the lien note of the Manns.

The question litigated upon the trial was, as to the validity of the title of the Manns under their lien note, and the facts bearing upon that question are fully stated in the opinion.

*Martin & Slack* for the defendant.

There is no sufficient change of possession to protect the title of the Manns to the horse, and the court should have directed a verdict for that reason. *Farnsworth* v. *Shepard*, 6 Vt. 521; *Weeks* v. *Prescott*, 53 Vt. 71; *Mott* v. *McNeil*, 1 Aik. 163; *Weeks* v. *Weed*, 2 Aik. 67; *Gates* v. *Gaines*, 10 Vt. 351; *Houston* v. *Howard*, 39 Vt. 55; *Flanagan* v. *Wood*, 33 Vt. 332; *Mills* v. *Warner*, 19 Vt. 609.

*E. W. Bisbee* for the plaintiffs.

If the sale to the Manns and the subsequent re-sale to McKane were honest and *bona fide* transactions, their title under the lien note is a valid one. R. L., s. 1992; *McPhail* v. *Gerry*, 55 Vt. 174.

MUNSON, J. The plaintiffs' evidence tended to show the following facts: John McKane, as agent for his wife, Hannah McKane, bought the horse in question of Charles Martin, paying a part of the purchase price out of money furnished by his wife for that purpose, and giving a mortgage on it in his own name to secure the payment of the balance, which mortgage Hannah McKane afterwards caused to

be paid. John McKane kept and used the horse for a year
or more, after which Hannah McKane sold it to the Manns,
who kept it for a part of a day, and then let John McKane
take it to go home with, after which it remained in John
McKane's possession. About four months after the horse
was thus taken by John McKane the Manns sold it to him,
reserving a lien to secure the payment of the price, and plac-
ing their lien upon record. Soon after this the horse was
attached by the defendant upon a writ against John McKane,
and in due course was sold at sheriff's sale to the plaintiffs,
from whom it was afterwards taken upon the lien held by
the Manns.

The defendant moved for the direction of a verdict in his
favor on several grounds, of which the one now insisted upon
is that there was no sufficient change of possession in the sale
to the Manns. The court denied this motion, and charged
the jury that whether the horse was owned by John McKane
or Hannah McKane, if the sale of it to the Manns was a *bona
fide* transaction, and if the sale of it by them to John Mc-
Kane was also a *bona fide* transaction, and if the lien note
was duly recorded, the note would be valid against the de-
fendant's sale.

The defendant argues that there was error in assuming
that it made no difference whether the horse was owned by
John McKane or his wife, for the reason that if it was owned
by John McKane there was no change of possession in con-
nection with the sale to the Manns, and that consequently
the Manns acquired no title as against McKane's creditors,
and could not obtain a claim valid against his creditors by
redeeding to him with the reservation of a lien.

It is clear that if John McKane was the owner of the horse,
so that the sale was from him to the Manns, the sale was void
as to McKane's creditors for the want of a sufficient change
of possession; and if it had been attached as McKane's prop-
erty at any time after it went back into his possession, and

before it was resold to him with the reservation of a lien, the attachment would have been good. *Morris* v. *Hyde*, 8 Vt. 352 ; *Rogers* v. *Vail*, 16 Vt. 327 ; *Mills* v. *Warner*, 19 Vt. 609. But the title would have passed as between the parties, and the Manns could have protected themselves by taking the property into their possession at any time before an attachment was made. *Fletcher* v. *Howard*, 2 Aik. 115 ; *Kendall* v. *Samson*, 12 Vt. 515. The question is whether the taking and recording of this lien upon a resale of the property afford the Manns the same protection that they would have secured by taking the horse into their possession.

At the time of the conditional sale the Manns had a title which was good as against McKane, and which could have been made good as against his creditors by taking possession of the property. We do not consider that it was necessary to the creation of a valid lien upon a resale of the property that this title should first be perfected as against creditors by taking possession. The resale to McKane with the reservation and recording of a lien served the same purpose as regards creditors that the law seeks to accomplish by requiring a change of possession. The property no longer remained in McKane's possession under circumstances which justified others in believing it to be his. It had been made the subject of a further transfer, under which the right of the original vendees was a matter of record and not dependent upon possession. We see no reason why this should not be held to protect them as effectually as would a change in the possession of the property. We think the attachment of this horse, after the reservation and recording of the lien, gave the creditor no more right as against the Manns than is acquired by one who attaches property sold without present delivery, after it has been taken possession of by the vendee.

*Judgment affirmed.*