Merrimack,
Dec., 1896.

### MANDIGO v. HEALEY.

The title of a vendee in possession, who purchased in good faith and for a sufficient consideration, is valid as against a subsequent attachment by creditors of a former owner, although the sale by which his vendor acquired title from such former owner was fraudulent and voidable because to the vendee's knowledge there was no sufficient change of possession.

A valid conveyance from the original owner and his vendee to a third person extinguishes a secret trust reserved upon the original sale, and the title thereby acquired is not affected by the purchaser's knowledge of the secret trust originally reserved.

TROVER, for a stock of goods. Trial by jury and verdict for the plaintiff. The defendant excepted to the denial of his motions for nonsuit and direction of a verdict, to instructions given, and to the refusal of the court to give certain instructions requested.

*William H. Sawyer,* and *Sargent, Hollis & Niles,* for the plaintiff.

*George B. French,* for the defendant.

PARSONS, J. The defendant claims to hold the goods by virtue of an attachment upon sundry writs against Frank Newton & Co. Prior to March 22, 1895, Newton & Co. carried on a meat and provision business. On that day they sold and transferred their stock, fixtures, and business to Ella F. Mandigo, who was called in the bill of sale Ella F. Mandigo & Co. Ella F. Mandigo was the wife of Elmer M. Mandigo, who with Frank Newton constituted the firm of Newton & Co. The business was thereafter carried on by Elmer for Ella, as was claimed, under the name of E. F. Mandigo & Co. April 6, 1895, the plaintiff purchased the stock of Ella and Elmer, took possession, and carried on the business until April 10, 1895, when the stock was attached by the defendant.

The defendant's exceptions cannot be sustained. Assuming all that he claims with reference to the first transaction, the sale from Newton & Co., to be true,— that the sale was fraudulent in fact, and that it was fraudulent in law for lack of a sufficient change of possession and also because of an express secret trust of which the plaintiff had knowledge,— the defendant acquired no title by his attachment. The sole question in the case is the validity of the plaintiff's title at the time of the attachment. It is not contended that the goods were then in Elmer's

possession, or that there was any reservation for the benefit of Elmer or Ella upon the sale to the plaintiff. The claim is merely that up to the time of the plaintiff's purchase Elmer continued in possession of the goods. Continued unexplained possession by the vendor is evidence of a secret trust which the law declares a fraud. *Coburn* v. *Pickering*, 3 N. H. 415, 425. When the evidence is wanting the conclusion of fraud necessarily fails. It is sufficient if the change of possession is perfected before the attachment. *Kendall* v. *Samson*, 12 Vt. 515; *Coty* v. *Barnes*, 20 Vt. 78, 82, 83; *Ward* v. *Camp*, 67 Vt. 461, 464; *Gilbert* v. *Decker*, 53 Conn. 401. The evidence which is conclusive of fraud is not that the vendee is not in possession, but that the vendor is. Hence, possession may be taken and held for the vendee by an agent, and such agent may be the bailee having at the time of sale actual possession for the vendor. *Stowe* v. *Taft*, 58 N. H. 445; *Morse* v. *Powers*, 17 N. H. 286, 294. If Ella had taken actual possession of the goods herself, excluding Elmer, such actual change of possession, whenever effected before the attachment, would have been sufficient. Such possession taken and held by the plaintiff under a conveyance of her whole title to him is not less effectual than a possession taken under a naked right as her bailee or agent. The sale to Ella passed the title to her as against every one, or it did not. If it did not, such of the title as did not pass remained in Elmer, for it is not claimed that the transaction so far as Newton was concerned did not operate as a release of all his interest in the goods. The jury were so instructed without objection from the defendant. The foundation of the defendant's claim is that the title did not pass, but remained in Elmer, so that the defendant could take the property by attachment against Newton & Co. But if the title remained in Elmer, so that the defendant could take the property by attachment, the plaintiff had an equal right to take the same goods from Elmer by purchase. The only question between the plaintiff and defendant, each deriving title from Elmer, was which was first in point of time. Upon this question there is no controversy.

The plaintiff's title is by bill of sale from both Elmer and Ella. Whatever right the defendant might have had to hold the goods by attachment prior to the plaintiff's purchase and possession, he cannot hold them against Elmer's conveyance and delivery of them to the plaintiff before the attachment was made. As possession taken by Ella prior to the attachment would have rendered nonexistent the facts which constitute evidence of fraud, so a release or termination of any express trust retained upon the sale to her would have perfected her title. "A fraudulent grant may be purged of the fraud by matter *ex post facto*, whereby the fraudulent contract is abandoned, and the grant

confirmed for a good and adequate consideration *bona fide*."
*Hutchins* v. *Sprague*, 4 N. H. 469; *Smyth* v. *Carlisle*, 17 N. H.
417. " A sale may be actually fraudulent as to creditors for
want of sufficient consideration, and yet be made good if full
consideration be subsequently paid before creditors interfere.
*Oriental Bank* v. *Haskins*, 3 Met. 332; *Verplank* v. *Sterry*, 12
Johns. 536, 552. So a sale may be fraudulent as to creditors on
account of a secret trust accompanying it, but if by a subsequent
agreement before the creditors interfere this secret trust is dis-
charged and the sale is otherwise made valid, the fact that the trust
once existed will not operate longer to vitiate the sale, the fraud
being purged." *Albee* v. *Webster*, 16 N. H. 362, 370. An express
agreement for a valid consideration, releasing the trust between
the original parties to the fraud, would be no more effectual than
the conveyance for a like consideration of the title of each, what-
ever it might be, to the same third person.

The jury were told, in substance, that if the plaintiff bought
the property in good faith and paid full consideration therefor,
but knew that on the sale to Ella there was no change of posses-
sion or that any benefit was reserved to Elmer, the defendant
was entitled to a verdict. These instructions were too favor-
able to the defendant, but did not harm him. *Parkinson* v.
*Railroad*, 61 N. H. 416, 417, 418. If the jury had been instructed,
as requested by the defendant, that upon the facts Ella's title
was fraudulent to the plaintiff's knowledge, and a verdict re-
turned for the defendant, nevertheless, upon the undisputed facts
as to his purchase, the plaintiff would be entitled to judgment.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.