HIRAM STEPHENSON v. CHARLES A. CLARK AND JOHN HURLBURT.

Whether, or not, a sale of personal property has been followed by a sufficient change of possession to render it valid, as against the creditors of the vendor, is always a question of fact, when there is any testimony tending to prove such change of possession, and should be submitted to the jury, under proper instructions. The change necessary is only such a divesting of the possession of the vendor, as any man, knowing such facts as could be ascertained upon reasonable inquiry, would be bound to understand was the result of a change of ownership.

TRESPASS for taking certain sheep and cattle. Plea, the general issue, with notice of special matter of defence, and trial by jury, June Term, 1847,—DAVIS, J., presiding.

On trial the plaintiff proved the taking of the property, on the eleventh of March, 1846, by the defendants; and, to show title in himself in the property, he gave evidence tending to prove, that the property, previous to March 11, 1846, belonged to Mrs. Lucretia Clark; that the plaintiff had labored for her some months previously, upon the farm on which she lived, and in which she had an interest as widow of her deceased husband, to whom the farm had formerly belonged, and on which the sheep and cattle in question were kept, and that she became indebted to him, about the first of March, in the sum of sixty five dollars, for which she executed to him a promissory note; that while the plaintiff so labored for Mrs. Clark, he boarded with her, upon the same farm; that about the second of March, 1846, it was verbally agreed between them, that Mrs. Clark should lease to the plaintiff the farm, for one or two years, as they might agree, and the plaintiff went with one Foss, acting for Mrs. Clark, to one Dwinnell, to get him to draw a written lease; that Dwinnell did not commence drawing the lease for five or six days, and did not complete it for about two weeks, nor until after he had heard reports of the attachment of the property by the defendants, and it was not signed by the parties until after the eleventh of March, and was never recorded; that the plaintiff, after the agreement to lease, and previous to the attachment by the defendants, had little occasion to work upon the farm, except to make some preparations for making sugar, but that he and Mrs. Clark both continued to reside

Stephenson *v.* Clark et al.

upon the farm until July; that the stock upon the farm in March belonged to Mrs. Clark, but by the terms of the lease each was to furnish an equal amount of stock, to be kept upon the farm; that, after the verbal agreement for a lease was made, the plaintiff had some hay upon the farm, which he bought of another person, and that he continued to feed and take care of Mrs. Clark's cattle as before; that on the morning of the eleventh of March, 1846, and previous to the defendants' attachment being made, Mrs. Clark sold to the plaintiff the sheep and cattle in question, together with some other property, in payment of the note which she had previously executed to him, the whole being appraised by men agreed upon for that purpose, and amounting to enough to pay the note in full; and the note was thereupon surrendered; and that the sheep were marked at that time by the plaintiff, but the whole property remained upon the farm, until it was taken by the defendants. The plaintiff farther offered to prove, that at the time of the attachment, and previous, it was a matter of notoriety in the town, that the plaintiff had taken a lease of the farm, and that he was managing it under such lease; but this evidence was objected to by the defendants and excluded by the court.

It appeared, that the defendants took the property by virtue of a writ of attachment in favor of one Woodbury against Mrs. Clark,— Hurlburt holding the writ as officer, and acting under the directions of the defendant Clark, who claimed to control the demand.

The court instructed the jury, that, if they found all the testimony on the part of the plaintiff to be true, the plaintiff was not entitled to recover, for want of a sufficient change of possession of the property previous to the attachment. The jury accordingly returned a verdict for the defendants. Exceptions by plaintiff.

Other questions were raised and decided in the course of the trial; but, as they were not decided by the supreme court, the facts upon which they were based need not be detailed.

*I. A. Fletcher* and *L. P. Poland* for plaintiff.

It is not necessary, in order to make a sale valid against creditors, that there should be an actual removal of the property, or that there should be any thing done, which should in all cases indicate to the *eye* of a creditor, that the property has changed owners.

*Barney* v. *Brown*, 2 Vt. 374. *Spalding* v. *Austin*, Ib. 555. *Harding* v. *Janes*, 4 Vt. 462. *Potter* v. *Washburn*, 13 Ib. 558. *Pierce* v. *Chipman*, 8 Ib. 334. *Merritt* v. *Miller*, 13 Ib. 416. If the purchaser have the actual and legal possession, it is all that the law requires. The fact, that the lease had not been recorded, can make no difference in relation to the plaintiff's possession, because a lease by parol is equally valid for one year. The facts have no tendency to show a joint possession by the plaintiff and Mrs. Clark. In order to constitute this, the joint possession must have been of the same description, in the use and disposition of the property, as that of joint owners. *Wilson* v. *Hooper*, 12 Vt. 656. *Allen* v. *Edgerton*, 3 Vt. 440. *Hall* v. *Parsons*, 15 Ib. 358. *S. C.*, 17 Vt. 271.

The case should have been submitted to the jury, under proper instructions, to determine as to the character and extent of the plaintiff's possession. *Hall* v. *Parsons*, 15 Vt. 358; 17 Vt. 271.

The evidence, that the lease from Mrs. Clark to the plaintiff was public and notorious in that vicinity, previous to the attachment, should have been admitted. Such evidence has uniformly been received in such cases in this state. *Hall* v. *Parsons*, above cited. *Farnsworth* v. *Shepherd*, 6 Vt. 521. *Dewey* v. *Thrall et al.*, 13 Vt. 281.

*J. Cooper* for defendants.

The evidence offered in relation to the notoriety of the lease was irrelevant. The evidence shows, that there had never been any change of possession. In order to recover, the plaintiff must show a visible, ostensible change of possession, accompanying and following the sale. *Fuller* v. *Sears et al.*, 5 Vt. 527. *Durkee* v. *Mahoney*, 1 Aik. 116. 2 Ib. 115, 64. 2 Vt. 168. 5 Vt. 231. 6 Vt. 521. 10 Vt. 346. 12 Vt. 515.

The opinion of the court was delivered by

REDFIELD, J. The only question, which it seems important to consider in the present case, is that in regard to change of possession of the property in dispute, at the time the plaintiff purchased it. The court below held, as *matter of law*, that there was no sufficient change of possession, to protect the property from attachment by the creditors of the vendor. This is always a matter of fact,

when there is *any* testimony *tending* to show such change of pos-session. The change necessary is only one, which the creditors, upon reasonable inquiry, can ascertain,—such a change of the pos-session, or such a divesting of the possession of the vendor, as any man, knowing the facts which could be ascertained upon reasonable inquiry, would be bound to know and to understand was the result of a change of ownership,—such an one as he could not reasonably misapprehend. Now to say that there was no testimony, tending to show any such change, or divesting, of the possession of Mrs. Clark, is more than the court are prepared to do. We think that question should have been submitted to the jury, under proper in-structions, as was held in *Hall* v. *Parsons*, 17 Vt. 271, and in a subsequent case, very similar, in Windsor county, which I do not find in the Reports, but which may, nevertheless, have been over-looked by me.

The actual possession of the farm might have been in the plain-tiff, notwithstanding the lease was not fully executed and Mrs. Clark still lived upon the land. When a purchaser of personal property depends merely upon a constructive possession of land, to make out his possession of the chattels, which continue to remain upon the land, he must, no doubt, have such a deed, as will vest in him a le-gal seizin,—as was held in *Hooper* v. *Wilson*, 12 Vt. 653;—and in such a case the record of the deed (or lease) may be essential.

Judgment reversed and new trial.