## JUDD & HARRIS vs. SETH LANGDON, Jr.

That a sale of personal property, otherwise *bona fide*, must be completed by such a visible and substantial change of possession, as gives notice of the new owner, or it will be liable to the attachments of the creditors of the vendor.

That the purchaser of colts, buys also the farm on which they are kept, by a man employed by the vendor, yet neither takes possession of the farm, nor causes his deed to be recorded, makes no sufficient change of possession as against creditors, or purchasers.

That, when a purchaser would hold property against an attaching creditor, who has obtained judgement and execution, and such purchaser sues before the writ of such creditor is returnable, he cannot take advantage of any defect in the officer's return.

This action came up from the County Court, on exceptions to the decision of said Court, upon a case agreed to by the parties. The case omits a statement of the defects in the officer's return, by which he justified. This omission is, however, supplied in the argument of the counsel for the plaintiff. The following is the case agreed upon :

This action is *trespass*, with force and arms, for taking and driving away from and out of the possession of the plaintiffs, two yearling colts, the property of the plaintiffs, on the 24th January, 1831. The defendant justified (as constable) the taking of the colts, as the property of John Wilson, on a writ of attachment at the suit of Adin Hall against said Wilson. It is agreed that the plaintiffs purchased said colts of John Wilson, about the 1st of January, 1831, for the price of $60, and paid therefor in four sets of grave-stones, for said Wilson's family, who were carried away and drowned by the flood the July preceding; that the grave-stones came to $8 more than the price of the colts, as agreed on, which the plaintiffs gave to Wilson, as a *bonus*, on account of his losses by the flood.—That these

ADDISON,
January,
1833.

Judd & Harris
vs.
Langdon.

colts were, at the time of the sale, and for some time previous had been, kept on a farm, which had, until the execution of the deed hereinafter mentioned, belonged to said Wilson, lying about one mile from Wilson's usual residence, and were there when attached.—That, on the 28th day of December, 1830, and but a few days before the sale of the colts from Wilson to the plaintiffs, Wilson executed a deed of said farm to the plaintiffs, in due form of law, and which was duly recorded in the February following.—That soon after the sale of the colts, as aforesaid, by Wilson to the plaintiffs, Wilson left the country, and has not since returned.—That, for some time previous to said sale, said Wilson had employed one Fitch to fodder the colts at the barn on the farm; and, about the time that Wilson went away, he told said Fitch, that he had sold said colts to the plaintiffs, and that he talked of keeping them for the plaintiffs, at the barn on the said farm; and, if so, the plaintiffs would pay him, Fitch, for foddering the colts; and that said Fitch did continue to fodder said colts at said barn, from the time said Wilson went away, until they were attached and taken away by the defendant, as before stated: and that the plaintiffs did, after the taking by the defendant, pay said Fitch for foddering said colts, after Wilson went away.— That the attachment was made on or about the 24th January, 1831, and two or three weeks after Wilson had left the country.—That the colts were sold by defendant, as constable, on the execution obtained in said suit, *Hall* vs. *Wilson.*

On the foregoing case stated, the County Court decided that the plaintiffs ought not to recover, and rendered judgement for the defendant to recover his cost. To which decision the plaintiffs excepted, and the case was ordered here for revision.

*Argument for the plaintiffs.*—The defendant cannot justify under his process. The service was defective and void. The time, place, and manner of leaving the copy, were not stated in the return; nor any certificate, that the return was endorsed on said copy: Aiken's R. 106–7, *Marvin* vs. *Wilkins.*

The case finds, that the sale of the colts, from Wilson to

plaintiffs, was *bona fide*, and for valuable consideration; and that the possession accompanied the sale. The farm, whereon the colts were kept, being conveyed to the plaintiffs, they came into possession of it. The legal title being in them, attached to it the legal possession also. The deed being unrecorded, at the time, makes no difference, as between the plaintiffs and Wilson. The possession was as legal and complete without recording as with. And the colts remaining on the farm, after the conveyance of the farm and sale of the colts, the possession of both was strictly and legally in the plaintiffs. After the sale of the colts, Fitch was, to every intent, the agent of the plaintiffs. Nor can he, in any wise, be considered as the agent of Wilson. His agency for Wilson ceased, on the sale of the colts from Wilson to plaintiffs; and about the same time Wilson left the country. Fitch was informed of the sale to the plaintiffs, and was requested to take care of the colts for plaintiffs; which he did; and called on plaintiffs for his pay, and was paid by them. With full knowledge of the sale of the colts to plaintiffs, and the absconding of Wilson, how can it, with propriety be said, that he acted as the agent of Wilson? He knew that Wilson had no interest in the colts, or the farm; and that he had absconded, not expecting to return. What interest had Wilson in the property, about which Fitch could exercise any act of agency? The facts were well known to him, and his own act in calling on the plaintiffs for pay, shows whose agent he considered himself.

This case falls distinctly within the principles of the cases, 2 Vt. R. 374, *Barney* vs. *Brown*, and 2 Vt. R. 555, *Spaulding* vs. *Austin*.

*Argument for the defendant.*—1st, The objection to the officer's return is not available in this case. The suit is trespass for taking the property, and was brought before the return day of the attachment served by the defendant. The writ, therefore, is a sufficient authority.—See *Braynard et al.* vs. *Burton et al.* 5 Vt. R. 97. Besides, a return, deficient as this is, is still sufficient to hold the property as against a third person.—See *Newton* vs. *Adams & Shepherd*, Franklin Co. Sup. Court, 1832.

*[margin note:]* Addison, January, 1833.

Judd & Harris vs. Langdon.

Addison,
January,
1833.

Judd & Harris
vs.
Langdon.

2d, In this case it is not necessary for the defendant to plead a justification. The only purpose of showing the process was, to entitle the defendant to impeach the conveyance from J. Wilson to the plaintiffs. The case is precisely the same as that of *Braynard et al.* vs. *Burton et al.* cited above.

3d, The Court decided correctly, in pronouncing the conveyance from Wilson to plaintiffs fraudulent for want of a change of possession.

There is no ground for calling Fitch the agent of the plaintiffs. He had no communication with them—no authority from them, nor any accountability to them, previous to the attachment of the property. He was strictly the agent of Wilson; and his possession was Wilson's possession. The deed from Wilson to the plaintiffs, of the farm, does not vary the case, as they had no possession in fact, of the farm, nor was that deed recorded, until after the attachment.

The opinion of the Court was pronounced by

Hutchinson, C. J.—The defendant's counsel have fully answered the plaintiffs' objection to the defect in the defendant's return upon the writ, *Hall* vs. *Wilson.* That writ not being returnable till after the present suit was commenced, the defendant can justify by the writ, without showing any return of the same. Moreover, that return has, pending this suit, answered Hall's purpose, to obtain judgement against Wilson; and, till that judgement is reversed, must be binding against third persons, unless they can attack it with proof of fraud. Of that none is suggested in the present case.

The only remaining question is, whether the purchase by the plaintiffs of Wilson had become so complete, that they can hold the colts against the creditors of Wilson.— The case shows, that they were on the farm where Wilson had kept them, and in the care of one Fitch, who had foddered them for Wilson. The plaintiffs had a deed of the farm from Wilson, but that was not recorded till after this attachment. Wilson, about the time of his leaving the state, told Fitch he had sold the colts to the plaintiffs, but it does not appear that Fitch ever undertook to fodder

them for the plaintiffs. The plaintiffs' paying him, after this attachment was made, could make no difference. It could not have relation back to defeat this attachment.— Nothing appears, that the plaintiffs exercised any acts of ownership over the farm, or the colts, or did any thing tending to give notice to any creditor or purchaser, that they had any claim upon the farm or the colts, till after they were attached by the defendant. This circumstance renders this case wholly unlike those, cited and relied upon, by the plaintiffs' counsel. In both those cases, the purchaser gave notice of the purchase to the person having the care of the property, who expressly became the keeper for the new owner. The plaintiffs paid Wilson the full value of the colts, and even more than that. The contract of sale was sufficiently complete as between the plaintiffs and Wilson, but not so as it regards the attaching creditors of Wilson, or *bona fide* purchasers from him.

We had supposed, the several reported cases had settled the question, that there must be a visible, substantial change of possession of personal property, or the purchaser cannot hold against attaching creditors of the vendor. It should be treated as settled. The possession and use of personal property is such strong evidence of ownership, that all persons may well suppose, that he who has once owned such property, and still has it in possession, is the actual owner; and they may treat him as worthy to be trusted on account of it. And it operates as a fraud upon them, if this natural trust and confidence is defeated by some sale, of which they know nothing, and have no means of knowing, and have no reason for inquiring to know.— On the contrary, if the purchase is real, it is easy to make it appear so, by an entire change of possession. There is no end to the controversies that will arise from admitting any other criterion of the time when a sale is complete, but the change of possession. Suppose the same property should be attached by virtue of two writs—one against the vendor, and one against the vendee, it will be easy to determine whether the possession is changed; but not easy to decide, upon any other principle, to which the property belongs.

The decision of the County Court, which was in favor of the defendant, is affirmed.

Judd & Harris
vs.
Langdon. ⁚ ⁝
Doolittle, for the plaintiffs.
Phelps, for the defendant.