GEORGE S. WILSON *v.* THOMAS HOOPER AND JOHN B. DOWNER.

LAMOILLE,
*April,*
1840.

If A. buys a farm of B. with the personal property upon it, and takes his deed of the farm, and puts it on record, and enters upon the premises and assumes the whole control of the property, neither of the parties living upon the farm, this is a sufficient change in the possession of the personal property, and the sale is not fraudulent, *per se,* although the vendor assisted the vendee to thresh some grain in the barn, a part of the property sold.

The inference would be, that he assisted the vendee as his hired man or servant.

If it tended to prove a concurrent possession with the vendee, it was proper matter to have been submitted to the jury.

TRESPASS, for a quantity of personal property, consisting of hay, grain, horses, cattle, hogs, carts, wagons, &c.

The defendants justified the taking, under a writ of attachment in favor of the defendant, Hooper, against Jotham Wilson, by virtue of which, the defendant, Downer, as deputy sheriff, attached the property in question as the property of said Jotham.

Upon the trial in the county court, it appeared that, previous to the fifth of October, 1837, the property in question belonged to said Jotham Wilson, and was kept upon a farm in the town of Johnson, which farm had been cultivated by the said Jotham the previous season, and where he had raised, during said season, great crops, a part of which were then severed and secured on the premises, and the remainder were not severed.

The plaintiff, to show a title to a part of the property on said farm, and to an equity of redemption in the farm, offered in evidence a quit claim deed from Jotham Wilson to himself, dated October, 1837, acknowledged October 4th, 1837, and recorded October 6th, 1837, at 11 o'clock in the forenoon, conveying the farm.

The plaintiff then offered a bill of sale, from said Jotham to himself, of the property in question, and other property, dated October 5, 1837, and introduced testimony tending to prove that he entered upon the premises with the said Jotham, and began threshing grain in a barn, containing a part of the property so conveyed to the plaintiff; that said Jotham delivered up to the plaintiff all control of the property in question, but nothing was done in the removal of

it, except that the plaintiff, soon after going upon the premises with the said Jotham as aforesaid, took into his possession a horse and wagon, part of the property specified in the bill of sale, and went therewith to Johnson flats, so called, a distance of five miles, and returned and left the horse and wagon upon said premises. Neither the said Jotham nor the plaintiff lived on said premises, but resided three fourths of a mile therefrom. Evidence was given tending to prove that the said Jotham did not, from the morning of the fifth day of October, claim any right to the premises conveyed, nor to the property in question.

While the property was thus situated,late in the afternoon of the sixth day of October, 1837, it was attached on the writ in favor of the defendant, Hooper, as above stated, and all the property so attached, except the hay, grain and potatoes, was, for a time, removed from said premises. The writ of attachment, and the return of the defendant, Downer, thereon, were in evidence, and it was admitted that the writ was duly returned and a judgment rendered thereon, in favor of the defendant, Hooper, against the said Jotham.

It further appeared, from the testimony, that the plaintiff occasionally worked upon said farm during the season previous to his taking a deed from said Jotham.

From the testimony above stated, the county court decided that the sale from Jotham Wilson to the plaintiff was fraudulent, as to creditors, for the want of a sufficient delivery of the property and change of possession, and directed a verdict for the defendants.

The plaintiff excepted to the decision of the county court.

J. Sawyer, for plaintiff.

L. B. Vilas, in support of the decision of the county court, cited Durkee v. Mahoney, 1 Aik, R. 116. Boardman v. Keeler et al., Ib. 158. Mott v. McNiel, Ib. 162. Weeks v. Weed, 2 Aik. R. 64. Beattie v. Robin, 2 Vt. R. 181. Judd et al. v. Langdon, 5 Vt. R. 231. Morris et al. v. Hyde, 8 Vt. R. 352.

The opinion of the court was delivered by

BENNETT, J.—The rule of law that requires a substantial change in the possession of personal property, upon a sale,

in order to protect the rights of the vendee, is one of policy, and upon no other ground can a court be justified in holding a sale fraudulent, *per se*, which, to a jury, is proved to be *bona fide*, and, in fact, free from the imputation of any fraud.

LAMOILLE *April,* 1840.

Wilson *v.* Hooper *et al.*

It may well be supposed that every person, so long as he is the owner of property, needs, for his own convenience and use, the possession of it, and if upon the sale, the vendor is required to surrender up the possession, it will be a great clog upon fraudulent sales, and tend to prevent a collusive credit. Though many of our sister states have repudiated the doctrine of fraudulent sales, *per se*, yet experience shows it to be a doctrine founded in the soundest policy, and from which we have no disposition to recede. It should, however, have a reasonable application, and be so applied as to carry out the ends of the rule, and prevent the mischiefs which it was intended to prevent, and no further. Hence, our courts have held that it does not apply to the sale of such property as is exempt from execution, nor to property in the hands of a bailee, at the time of the sale, the vendee having given him notice of the sale. The only question in the case is, do not the facts reported in this bill of exceptions, show such a change in the possession of the property, which is the subject of this suit, as a sound application of the rule requires ? The property was conveyed to the plaintiff by a bill of sale, on the fifth day of October. The farm upon which the property was located, was conveyed to the plaintiff by deed, bearing date —— day of October, but acknowledged on the fourth, and recorded in the forenoon of the sixth of October, and the property was attached on the evening of the sixth. The vendor did not live upon the farm conveyed, and the case finds that the plaintiff had entered upon the premises, though he did not live upon them, and commenced threshing in the barn containing a part of the property conveyed, and that the vendor delivered up to the plaintiff *all* control of the property in question. What more should he have done ? If a man buys a farm with the personal property upon it, and takes his deed, puts it on record, and enters upon the premises, though his family do not reside upon them, and assumes an exclusive control of the property, the vendor and his family not living upon the farm, is not this all the change in the

LAMOILLE,
*April,*
1840.

Wilson
*v.*
Hooper *et al.*

possession that reason or law can require ? To go further than this would be productive of mischief and of no good. It can hardly be contended that, from the fact that the vendor was threshing with the plaintiff after he had entered upon the premises under his deed, there was a concurrent possession of the property in the vendor and the plaintiff, especially as the case states that he had surrendered up *all control* of it to the plaintiff; and there is nothing in the case to show that the vendor, after the sale, had any beneficial use in the possession of the personal property, or exercised any acts of possession over the real estate. The inference, I think, from the case, is, that the vendor was acting as the hired man or servant of the plaintiff. If, however, the case was made to turn on the question of fact of there being a concurrent possession, this should have been submitted to the jury. In the original case, as allowed by the judge, it is true, the attachment appears to have been made on the fifth of October, the day before the deed was put on record ; and this was probably supposed to have been the fact in the court below; but upon reference to the writ and service, which we must regard as a part of the case, the writ was not served until the sixth. And we must so treat this bill of exceptions. None of the cases cited by the defendant's counsel present an analogous state of facts with those which are detailed in this case. On the whole, then, we think there was a sufficient change in the possession of this property, prior to the attachment ; and if the sale was, in fact, *bona fide* and upon sufficient consideration, (which, for the purposes of this question, we are to take for granted,) the plaintiff should be protected in his rights.

Judgment of the county court reversed.