## ORRIN P. STILES *v.* ELIJAH G. SHUMWAY.

On a sale of personal property it was held that there was no sufficient change
of possession, as against the creditors of the vendor, where the property,
after the sale, still remained upon the farm formerly owned by the vendor,
and which had been occupied by him for more than fifteen years, and the
vendee, being the son of the vendor, was one of the vendor's family, and
the vendor and vendee each used the property as they might need; and
that it made no difference that the vendor had, some years previous, given
a mortgage of the farm, and had afterwards given to the mortgagee a quit-
claim deed, under a parol agreement that he should still have the right to
redeem, and had told the vendee that he might redeem, by paying the debt
due to the mortgagee, and take the farm, and the mortgagee had agreed by
parol to permit him to do so, which agreement, after the commencement
of an action by the vendee against an attaching creditor of the vendor, for
the property, had been reduced to writing.

TROVER for a pair of oxen, a mare, several young cattle, and
other property. Plea, the general issue, with notice of special mat-
ter, and trial by jury.

The property was taken by the defendant as constable, on a writ
of attachment in favor of L. Merefield & Co. against William H.
Stiles, as the property of Wm. H. Stiles. The plaintiff claimed the
property by virtue of a sale from Wm. H. Stiles to him. The prop-
erty, at the time of the attachment, was on the farm on which Wm.
H. Stiles then lived, and which he had formerly owned and had

Stiles *v.* Shumway.

occupied for fifteen or sixteen years, and the plaintiff, who was his son,—of age, but unmarried,—lived in his family.

William H. Stiles had formerly given to one Wait a mortgage of the farm, and, some five or six years before the commencement of this suit, had executed to Wait an absolute deed of the same, under a parol agreement that he should still have a right to redeem by paying the amount of the debt due to Wait. The spring before the property was taken, William H. Stiles told the plaintiff that he might hire or buy the farm of Wait; and, if he did so, Wm. H. Stiles was to have five acres of the land, and the privilege of staying upon the farm, and was to board the plaintiff,—the plaintiff finding provisions therefor. This agreement was by parol. Soon after William H. Stiles spoke to Wait about the plaintiff's carrying on the farm, and Wait promised him that he would give the plaintiff some sort of writing, that would enable him to carry it on; but no writing was in fact given until after the commencement of this action, when the plaintiff applied to Wait, and Wait gave him a lease, dated back to the time of the conversation between Wait and Wm. H. Stiles.

During the summer preceding the taking of the property, which was in October, 1842, Wm. H. Stiles helped in haying on the farm, and occasionally did some other work for the plaintiff. William H. Stiles owned a cow and some sheep, which were pastured on the farm that season; and the mare and cattle sued for were also kept on the farm during that season. The plaintiff worked also on the farm that season, and the mare and oxen were used on the farm during the season, both by him and by Wm. H. Stiles. The mare and oxen and other property were used apparently by William H. Stiles and his family, on the farm, after they had been sold to the plaintiff, as before; and the young cattle were raised on the farm by William H. Stiles, and were kept on the farm after the sale as they had been before.

The court charged the jury, that, from these facts, the sale from Wm. H. Stiles to the plaintiff, of the property sued for, was inoperative and void as against the creditors of Wm. H. Stiles. Verdict for defendant. Exceptions by plaintiff.

Stiles *v.* Shumway.

————  ———— for plaintiff.

1. The plaintiff insists that the surrender by William H. Stiles to the plaintiff of the possession of the farm, (except the house and five acres of the land,) and the assent of Wait to the surrender, take the case out of the principle that a sale, unaccompanied by a change of possession, is void and inoperative as to creditors.

2. The question whether William H. Stiles did, in fact, use the property as before the sale to the plaintiff is a question of fact, proper for the jury to decide, and not for the court, especially as the case shows that William H. Stiles labored for the plaintiff, and, in using the oxen, would use them for the plaintiff, and not for himself.

3. The plaintiff's use of the farm was exclusive, except as to the house and five acres of land, and, as he boarded with William H. Stiles, that made the house and appendages his home;—such being the case, it was wholly unnecessary that he should convey the property in question abroad to get possession of it, which would be necessary, unless he could hold possession of it there.

4. If the plaintiff's possession of the farm and that of William H. Stiles had been only joint, the plaintiff ought to be permitted to hold personal property, purchased of William H. Stiles, as against the vendor's creditors,—he having paid a *bona fide* consideration therefor.

————  ———— for defendant.

1. That a *visible and substantial* change in the possession of personal property must accompany the sale, to render it operative against creditors, has long since been so well settled in this state as not now to admit of controversy. *Moore* v. *Kelley*, 5 Vt. 34. *Judd et al.* v. *Langdon*, 5 Vt. 231. *Mott* v. *McNeil*, 1 Aik. 162. *Durkee* v. *Mahoney*, 1 Aik. 116. *Woodward* v. *Gates et al.*, 9 Vt. 358. *Rockwood* v. *Collamer*, 14 Vt. 141.

2. The case shows that all the property sued for was used and enjoyed by Wm. H. Stiles in the same manner after as before the sale. The possession of the house and premises was, *at least apparently*, in him, and he was tenant at sufferance under Wait; and, being such tenant, he had nothing which he could transfer to the plaintiff,—a tenancy at sufferance not being assignable. And the

plaintiff, having no lease from Wait, had of course no lawful possession there. The loose conversation between Wm. H. Stiles and Wait, as to the plaintiff's carrying on the premises, was unauthorized by the plaintiff; and, even farther, it was not a bargain, but only a request to Wait to make a bargain.

Again, it appears from the case that William H. Stiles had been in the possession of the premises for fifteen or sixteen years, and that he had uniformly transacted all business pertaining to the premises in such manner as not to give notoriety to any sale, or change of possession, of either the personal property, or real estate; so much so, that we believe this case comes fully within that of *Judd et al.* v. *Langdon*, 5 Vt. 231, and *Mott* v. *McNeil*, 1 Aik. 162.

The opinion of the court was delivered by

BENNETT, J. The property in question was attached as the property of William H. Stiles by one of his creditors, and the plaintiff claims title from William H. Stiles by reason of a previous sale to him. We think there was no sufficient change in the possession to render the sale operative against the creditors of the said William H. Stiles. It was kept on the farm which the vendor had owned and occupied some fifteen years, and was there when attached. The vendor and his family, of which the plaintiff was one, lived upon the farm. The plaintiff was a young man without a family.

The fact that the vendor had some years since given a mortgage of the farm to one Wait, and afterwards a quit-claim deed, under an agreement that he should still have the right to redeem, can have no effect. The mortgagee had never taken possession of the premises. So, it is of no importance that the father, in the spring of 1842, told the plaintiff he might go and buy the farm of Wait. They all continued to live upon the farm, as before. The vendor worked upon it, and both the vendor and the vendee used the mare and oxen, and the young stock was pastured on the farm. The verbal agreement between Wait and the plaintiff, or between the plaintiff and his father, can have no effect in changing the possession. The stock belonging to William H. Stiles, the father, was still kept upon the farm, and all lived upon it, as before.

The judgment of the county court is affirmed.