JARVIS F. BURROWS *v.* STEBBINS & KENNEY.

*Sale.    Change of possession.*

The question of change of possession is purely one of law where there is no conflict in the evidence; but where the testimony is conflicting and the facts uncertain, it must be submitted to the jury to find the facts, and the court are to say what facts, if found by the jury, constitute a change of possession.

And where A. sold and conveyed his farm to B. and also sold B. a quantity of cord wood, lying upon the farm in the vicinity of the buildings, and A. left the state; B. piled up the wood and offered it for sale, and it with the farm thus remained in the possession of B. for some months, the change of possession was held sufficient, though the vendor's family remained in the house upon the farm.

TROVER for a quantity of cord wood.

Plea, *not guilty*, and trial by jury.

On the trial, the evidence tended to show that on the 31st day of March, 1851, the plaintiff purchased of Benjamin H. Peeler, a farm in Vernon, on which said Peeler then resided, and took a deed of the same, and at the same time purchased of him certain personal property and took a bill of sale of the same. The wood mentioned in the bill of sale lay in various piles and parcels, and some dispersed and scattered in piles around in the vicinity of the dwelling house upon said farm.

That Peeler, in the course of the night of said 31st of March, absconded from the state, and did not return during the year. That plaintiff, who resided in Vernon, being informed that the creditors of Peeler were about attaching his property, went to the town clerk's and left his deed for record soon after midnight, being the morning of April 1st, 1851, and the same was duly recorded. That he proceeded directly to Peeler's house, where his family was, and removed and carried away the articles mentioned in said bill of sale, except the wood, rails and posts. That in April, the plaintiff by parol let out the plow land on said farm to Geo. Lee, to be carried on upon shares for the season, and Lee entered on the same; and in April and May, planted and improved the same and carried it on during the season.

The plaintiff was at the place from time to time during April and May, moving and repairing the fences to the grass land which he occupied through the season, removing the young orchard to

his home farm, gathering up and placing the scattering wood into the piles, and offering the same for sale. The family of Peeler, occupied the dwelling house until the first of June, when they removed from the premises, and Geo. Lee, with the consent of the plaintiff, took possession of the house and remained through the season.

That on the 29th day of May, 1851, the plaintiff sold and deeded said farm to Samuel Lee, father of said George, and said deed was recorded; but by agreement said Samuel was not to have possession of said farm under said deed until the spring of 1852, and a writing was given to that effect by said Lee when said contract was made.

The wood was attached by the defendants, as the property of Peeler, on the 23d of June, 1851, and afterwards sold on execution as Peeler's property.

The defendants gave evidence tending to show, that said purchase made by the plaintiff was in fact fraudulent and void as to the creditors of Peeler, and on this point instructions were given by the court to the jury, to which neither party excepted.

The defendants requested the court to charge the jury, that even if the plaintiff acquired title to the property by a transfer not affected by fraud in fact, he cannot recover, unless he perfected his title by causing a visible and notorious change to be made in the possession of the property, such as would give notice to all the world of a change in the ownership. That if the jury found that the wood remained upon the premises in the same apparent position as before, until the sale of the premises by the plaintiff to Lee, by an absolute deed, which was recorded, and that until that time Peeler's family resided in the house, and that no notice was given by the plaintiff to Lee, that he owned the wood, and no agreement was made by Lee to retain the possession of the wood for the plaintiff, the plaintiff cannot recover.

The defendants also requested the court to instruct the jury as *matter of law*, what state of facts which the evidence tends to prove, will, on the one hand, constitute a sufficient change of possession, and what state of facts which the evidence tends to prove, will constitute a fraud in law.

The County Court, April Term, 1853,—COLLAMER, J., presiding,—charged the jury, that if they found the plaintiff's pur-

chase of Peeler, was for good consideration and in good faith, they would proceed to ascertain whether the wood had, before attached by defendants, passed from the possession of said Peeler to the plaintiff so as not to be subject to attachment by Peeler's creditors. If the purchaser of personal property suffers the vendor still to retain or have the possession, use, or control, or apparent ownership of the property, it will remain subject to his creditors.

But in this case, if the jury find that the plaintiff had put his deed on record; that Peeler left the state and had taken no more possession or control of said farm or of said wood thereon; that the plaintiff by himself and tenant took possession of said farm and occupied the same; that the plaintiff picked up and put on the piles the scattering wood, and offered the wood for sale as the testimony tended to show; the wood was not subject to attachment as Peeler's property on the 23d day of June, 1851, although Peeler's family had remained in the house until the first of June, and although the wood had not been all removed in local position, nor the said Geo. Lee or Samuel Lee, informed of the plaintiff's purchase.

The jury returned a verdict for the plaintiff. To the charge of the court the defendants excepted.

*E. Kirkland* for defendants.

We contend,

I. That the whole current of decisions in this state down to the case of *Stephenson* v. *Clark*, 20 Vt., has been for the court to instruct the jury as matter of law, whether the particular facts disclosed by the evidence constituted a sufficient change of possession; to decide that the sale was fraudulent *per se* in law for want of it; that this has been the practice of the county court; and it was error, to refuse, or omit to do so in this case. *Durkee* v. *Mahoney*, 1 Aik. 116. *Boardman* v. *Keeler*, 1 Aik. 158. *Mott* v. *McNeil*, 1 Aik. 162. *Weeks* v. *Mead*, 2 Aik. 64. *Beattie* v. *Robin*, 2 Vt. 181. *Wilson* v. *Hooper et al.*, 12 Vt. 653. *Dewey* v. *Thrall*, 13 Vt. 281. *Stiles* v. *Shumway*, 16 Vt. 435. *Mills* v. *Warner*, 19 Vt. 609. *Hutchins* v. *Gilchrist et al.*, 23 Vt. 82.

II. That the Supreme Court of this state has decided again and again, that where there had not been an open, visible, and substantial change of possession, the sale even though *bona fide* be-

tween the parties, is' fraudulent *per se*, as to after attaching credi-
tors.    1 Aik. 116.    1 Aik. 162.    1 Aik. 158.    2 Vt. 64.    16 Vt.
435.    12 Vt. 653.    13 Vt. 281, before cited and *Judd et al.* v.
· *Langdon*, 5 Vt. 231.    *Rogers* v. *Vail et al.*, 16 Vt. 327.

III. That the facts disclosed by the evidence in this case, do not
constitute in law a sufficient change of possession, to render the
sale valid as against after attaching creditors.    1 Aik. 162.    2
Aik. 64.    5 Vt. 231.    12 Vt. 653, before cited and *Morris et al.*
v. *Hyde*, 8 Vt. 352.

IV. The plaintiff cannot rely on constructive possession being
in him, for Peeler's family remained there till Lee bought and en-
tered, and the record would show title in Lee.    The written res-
ervation amounts to nothing, as it was not recorded.    *Stephenson*
v. *Clark*, 20 Vt. 624.

2. The defendants would not have found out by reasonable in-
quiry, for Lee the man in possession and occupancy knew nothing
of it.    *Stephenson* v. *Clark*, 20 Vt. 624.

*D. Kellogg* and *J. D. Bradley* for plaintiff.

I. *Constructive* possession would follow the property in an arti-
cle like " cord wood," bulky and difficult to move even if it were
on the land of a *third person*, not notified.    *Hutchins* v. *Gilchrist*,
23 Vt. 83.

But this wood remained nearly three months after the purchase
on the plaintiff's *own land*.

II. And his *actual* possession of these wood piles had during all
this time been as perfect as can well be conceived.

For instance—1. In April and May, he " gathered it up, placed
it into piles, and offered it for sale."

The letting the plough land to Geo. Lee on shares, gave no pos-
session either of land or wood to *Peeler*, nor did it in the least im-
pair plaintiff's possession of the wood.

2. Even if the attachment had been prior to the first of June,
and while Peeler's family occupied the *dwelling house ;* this wood
does not appear to have been in their possession.    They occupied
the dwelling house, and these piles and parcels were " in the vi-
cinity " of the dwelling house.    There was not even *contact*
found.    No *benefit*, use, or *control* on the part of the family is found
to have existed, as was the case in *Stiles* v. *Shumway*, 16 Vt. 435.

3. But the plaintiff and his tenant had the entire and perfect possession of the *whole* property, including *house, farm,* and *wood,* for twenty three days after even Peeler's *family* had gone.

4. The purchaser of an article, who has the *possession* may move it or not as he pleases.   *One* of the rights of ownership in a thing is the right of *keeping it still* and *unmoved.*

We think, moving each stick end for end  would not materially strengthen the plaintiff's title.

The opinion of the court was delivered by

REDFIELD, Ch. J.   The only question reserved in this case is in regard to the sufficiency of the change of possession, and that seems to arise chiefly, from a misunderstanding of terms, or from understanding them differently.   And having been, as would seem, somewhat misapprehended, in what I said in the case of *Stephenson* v. *Clark,* 20 Vt. 624, it is possible I may not be able to escape all liability to the same thing, in this case.

I recollect, that some of the judges have heretofore said, and possibly some such *dicta* may be found, that a question of change of possession, on the sale of chattels, was never to be submitted to the jury, but always to be decided, by the court.   And hence it was claimed, by one very distinguished member of the court, at the time, that *Hall* v. *Parsons,* 17 Vt. 271, had virtually abrogated the rule.   But the court do not so consider the matter, and it is evident the judge, who tried this case, did not so understand the decisions, upon the subject.   And that is what is complained of, it may be said.

Now it is obvious that the distinction, which is attempted to be made between the cases, where this question has been submitted to the jury, and those where it has been decided by the court, is not a difference in principle, but only one in the state of the testimony. In every case, where there is no conflict in the evidence, the question of change of possession is  purely one of law, and as such to be decided by the court.   But where the testimony is conflicting and the facts uncertain, it must be  submitted to the jury, to find the facts, and the court are to say what facts, if found by the jury, constitute a sufficient change of possession.   And this is precisely what the court did in this case, and as there appears to have been no controversy about the facts, upon this point, the court might

have told the jury at once whether the facts were sufficient, which they did do, in other words. It is certainly difficult to see how a court could have done more, than they did, in this case, to decide the matter of law, arising in the case.

And we think the charge was correct in this case. There seems to be no pretence, that the property remained in the possession of the vendor, for he left the country immediately after the sale, and surrendered the possession of the farm to the vendee, who had a deed on record. He piled up the wood, offered it for sale and did all that any one could be expected to do, with property of that kind. And the fact, that the vendor's family remained in the house could not tend to mislead any one. And that the person to whom the vendee sold the land, was not informed who owned the wood, could not be likely to mislead any one, inasmuch, as the farm and the wood, had been for some months, in the possession of the vendee.

We do not deem it important to explain the case of *Stephenson* v. *Clark*, for what is there said is sufficiently perspicuous, if applied to that case. Change of possession is mainly *a fact*, like possession, or seizin, or evidence, but of course the facts being conceded, or found, all these matters then resolve themselves into a mere judgment of law. No man can determine whether a change of possession has taken place, until informed of the *facts*, and if there is any conflict in regard to the facts, the matter must be submitted to the jury, under proper instructions, as is said in *Stephenson* v. *Clark*. This question has to be submitted to the jury more commonly, where the testimony leaves it uncertain, who exercises dominion over the property.

Judgment affirmed.