## ISAAC ROTHCHILD *v.* HARVEY ROWE.

*Sale. Attachment. Change of Possession. Vendor and Vendee. Questions for Jury.*

The vendee of personal property must acquire the open, notorious and exclusive possession of the property, to save it from attachment by creditors of the vendor; and this implies that the vendor is divested of the use, possession, or employment of the property.

If the vendee takes a legal conveyance of the land upon which the property is situate, and takes actual possession of the land under his conveyance, he is deemed to be in possession of the property upon the land.

It is only in cases where there is no conflict in the evidence, or where, admitting all to be true which the testimony tends to show, the facts would be legally insufficient, that the court is justified in withdrawing the subject matter from the consideration of the jury, and passing upon it as a question of law.

What will constitute a sufficient change of possession on a sale of personal property, to protect the property against attachment by the creditors of the vendor, is always a question of fact, and where there is any evidence tending to show a change of possession, it should, under proper instructions, be submitted to the jury.

THIS is an action of trespass for taking and carrying away a quantity of furniture. Plea, the general issue, with notice of justification under writs of attachment and executions against one George Pepler. Trial by jury, March term, 1871, WHEELER, J., presiding. Upon trial it appeared that for several years prior to the 10th day of March, 1869, said George Pepler had been engaged in business, making, repairing and buying and selling furniture at West Poultney, in this State. That until a few months previous to that date he had carried on this business in a building that he hired of the railroad company, which had a room in front

that he used for a ware-room, and one in the rear that he used for a work-shop, and he had a sign over the door on which were the words, "Furniture for sale." That he had a minor son called Christie, who assisted him about his business and did the principal part of the buying and selling of goods, and had most of the care of the ware-room, and lived with him in his family. That a few months before the 10th day of March, 1869, he bought the building of the railroad company and moved it on to land of his own, near by, in West Poultney, and used the shop there as he had before been using it. That on said 10th day of March he had on hand quite a stock of furniture, and was indebted to various persons to quite an amount, and among others to the plaintiff, in the processes under which the defendant justifies.

That the plaintiff was then a dry goods peddler and lived in the city of New York, but was in the habit of doing business at West Poultney and vicinity, and was often at West Poultney, and when there was in the habit of stopping with said George Pepler, at his house, and that he was then so stopping with said George Pepler. The plaintiff introduced testimony tending to show that on said 10th day of March, he bought the stock of goods which said George Pepler had on hand, at the cost price of them ; that he and said George Pepler and Christie Pepler made an inventory of them at the cost price, and that he paid said George Pepler, in money, and in a just debt, due him from said George Pepler, $1492.00, which was what the goods amounted to. That this was an honest and fair transaction, and not done to delay or hinder any creditors of said George Pepler in any way. That on the next day said George Pepler leased said building to the plaintiff for the term of two years, at one hundred and fifty dollars rent, annually, by lease in writing, properly executed, acknowledged, and recorded in the land records of that town. That the plaintiff then advertised in newspapers published in Poultney and in Rutland, that he had purchased these goods and would carry on the business. That said George Pepler then ceased to work in or to take any charge of the business in that building, and ceased to be in or about the building, except on one occasion, when he fixed some mouldings for another man's house

in the shop. That said Christie Pepler remained about the ware-room as before. That the plaintiff remained in West Poultney about two weeks, stopping at the house of said George Pepler for his board and lodging, and spending a considerable part of the time about this furniture establishment. That he then hired one Herman Sterne, a butcher by trade, to stay at the furniture ware-room and see to his interests there, and left and went about his business as a peddler, leaving Christie Pepler and Sterne in charge of the furniture business. That he then returned and hired Christie Pepler to take charge of the furniture business for him, to board with said George Pepler, as he had before done, at the price of forty dollars per month for his services. That he then went away and left Christie Pepler in charge of the furniture business for him. That while he was absent, and while Christie Pepler was in charge of the store, defendant took and carried away, of furniture that he bought of George Pepler, to the value of nine hundred and fifteen dollars.

The defendant introduced evidence that tended to show that the sale from George Pepler to the plaintiff was made to delay and defraud the creditors of said George Pepler. That after the 10th day of March, 1869, said George Pepler continued in and about the shop as before. That on the day previous to the taking of the goods by the defendant he was at work about the shop, and had been there in the morning of the day the goods were taken. That the defendant had heard of the sale of the furniture from George Pepler to the plaintiff, but had observed George Pepler and Christie Pepler about the shop and ware-room, as before, and did not believe that there was any valid sale. That he had valid processes in his hands against George Pepler, and was constable of that town, authorized to serve them. That he went to the store with his processes, and found Christie Pepler there in charge; the same sign there, and the same goods as before the time of said sale, and that he proceeded to serve his processes by attaching and levying upon the goods. That Christie Pepler, after he had attached some of the goods, told him that the goods were owned by the plaintiff. That the defendant took and

disposed of the goods regularly upon the processes in his hands at that time.

The court held that upon the uncontroverted facts that appeared from this evidence, there was not a sufficient change of possession and ownership from George Pepler to the plaintiff to make the sale valid and operative as against the attaching creditors of George Pepler, and against the defendant as an officer making attachments for them, and directed a verdict for the defendant. To this decision the plaintiff excepted.

*Horace G. Wood* and *John Prout*, for the plaintiff, cited *Hall* v. *Parsons*, 17 Vt., 271; *Stephenson* v. *Clark*, 20 Vt., 624; *Barrows* v. *Stebbins*, 26 Vt., 659; *Stanley* v. *Robbins*, 36 Vt., 422.

*J. B. Beaman* and *Edgerton & Nicholson*, for the defendant, cited *Mott* v. *McNiel*, 1 Aik., 162; *Weeks* v. *Wead*, 2 Aik., 64; *Batcheller* v. *Carter*, 2 Vt., 168; *Moore* v. *Kelley*, 5 Vt., 34; *Fuller* v. *Sears*, 5 Vt., 527; *Judd et al.* v. *Langdon*, 5 Vt., 231; *Farnsworth* v. *Shephard*, 6 Vt., 521; *Morris et al.* v. *Hyde*, 8 Vt., 352; *Gates* v. *Gaines*, 10 Vt., 346; *Kendall* v. *Sampson*, 12 Vt., 515; *Stiles* v. *Shumway*, 16 Vt., 435; *Rogers* v. *Vail et al.*, 16 Vt., 327; *Mills* v. *Warner*, 19 Vt., 609; *Flanagan* v. *Wood*, 33 Vt., 332; *Huntoon* v. *Howard*, 39 Vt., 64; *Daniels* v. *Nelson*, 41 Vt., 161; *Sleeper* v. *Pollard*, 28 Vt., 709.

The opinion of the court was delivered by

ROYCE, J. In determining the question whether the court erred in holding as a matter of law that the plaintiff was not entitled to recover, we are to assume the facts to have been as his evidence tended to show them. The purchase of the goods from George Pepler on the 10th of March, 1869, is to be treated as an honest and fair transaction, and as not having been made for the purpose of hindering or delaying his creditors, so that the sale of the goods could not have been avoided by his creditors for fraud in fact. That on the 11th day of March, 1869, the plaintiff took a lease for the term of two years of the building in which the goods were

situate, which lease was properly executed, acknowledged and recorded.

That he then advertised in the newspapers published in Poultney and Rutland, that he had purchased the goods and would carry on the business. That George Pepler then ceased to work in or take any charge of the business, or to be in or about the building, except upon one occasion, when he fixed some mouldings in the shop for another man's house.

That the plaintiff remained in Poultney about two weeks after the purchase of the goods, boarding and lodging at the house of George Pepler, and spending a considerable portion of his time about this furniture establishment. That during this time Christie Pepler, a minor son of George, and who had previous to the sale to the plaintiff assisted his father, and did the principal part of the buying and selling of the goods, and had most of the care of the ware-room, lived with him in his family, and remained about the ware-room as before. That the plaintiff then hired one Sterne to stay at the furniture ware-rooms and see to his interests there, and went away, leaving Christie and Sterne in charge of the furniture business. The case does not find how long he was absent upon this occasion, but upon his return, that he hired Christie to take charge of the furniture business at a salary of $40 a month, he to board with his father as he had before done. That he left him in charge of his business, and some time subsequent to this and during his absence, and while Christie was thus in charge of the business, the defendant, as constable of Poultney, took and carried away the goods sued for, and being part of the same goods purchased by the plaintiff of George Pepler on the 10th day of March, 1869, upon valid process in his hands, and which he was authorized to serve against George Pepler. The court held that from the evidence tending to prove the foregoing facts, there was not a sufficient change of possession and ownership from George Pepler to the plaintiff to make the sale valid and operative as against the attaching creditors of George Pepler, and against the defendant, as an officer making attachment for them, and directed a verdict for the defendant.

The law is well settled in this State that there must be a sub-

stantial and visible change of possession, to protect property from attachment by the creditors of the vendor, but what facts constitute such a change of possession must necessarily depend upon the circumstances of each case. It is always a question of fact, and if there is any evidence in the case tending to show such a change of possession, it should under proper instructions be submitted to the jury. It is only in cases where there is no conflict in the evidence, or where, admitting all to be true which the testimony tends to show, the facts would be legally insufficient, that the court are justified in withdrawing the subject matter from the consideration of the jury, and passing upon it as a matter of law. Was there any evidence in this case that tended to show a change of possession that would protect the property against attachment by the vendor's creditors? The general rule upon this subject is that the vendee must acquire the open, notorious and exclusive possession of the property, and this implies that the vendor is divested of the use, possession, or employment of the property.

The ordinary course pursued is for the vendee to remove the property, and take personal possession of it; but where the property at the time of the sale is in the possession of a third person, and he is notified of the sale, and agrees to keep it for the vendee, his possession thenceforth becomes the possession of the vendee, and this has been held sufficient. So too, if the vendee takes a legal conveyance of the land upon which the property is situate, and takes actual possession of the land under the conveyance, he is deemed to be in possession of the property upon the land.

In this case the plaintiff took a lease of the land upon which this property was situate, the day after he made the purchase, and took possession of the land under the lease, so there was such a change of possession as the law requires.

Was his possession open and notorious? In the first place his lease was recorded, and the record was constructive notice. 2d. He advertised the facts in the public newspapers, which circulated in that vicinity.

Was his possession exclusive? It was only necessary that it should be exclusive as to the vendor, and he was never in or about the premises after the sale, and before the property was taken

away, but on one occasion, and then upon no employment of the plaintiff.

The plaintiff and his servants and agents were in the exclusive possession, control and management of the property, down to and at the time the defendant removed it.

A good deal of stress has been laid in argument upon the fact that Christie Pepler, while he was in the employment of the plaintiff, was a minor, and boarded in the family of his father. But his minority did not incapacitate him from acting as the servant or agent of the plaintiff. And in *Hall* v. *Parsons*, 17 Vt., 271, it appeared that the clerk who had been in the employment of the assignor previous to the assignment, and who was employed by the assignee after the assignment, continued to board in the family of the assignor, as he had done previous to the assignment. The court say that it was a matter quite immaterial, where the clerk continued to board, as to the actual possession of the goods.

The facts in the case last cited, seem to have been much stronger for the defendant than they appear in this, and yet the plaintiff there obtained a judgment.

We think the plaintiff had the right to go to the jury upon the evidence introduced by him, and that the court erred in ruling, as a matter of law, that he was not entitled to recover.

Judgment reversed, and cause remanded.