E. G. FOSS *v.* GEORGE E. TOWNE.

May Term, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 8, 1925.

*Fraudulent Conveyances—When Sufficiency of Change of Possession Question of Law—Effect of Vendor's Continued Possession after Sale—Requirement That Vendee Shall Take and Retain Possession to Protect Sale Against Vendor's Creditors Is Rule of Public Policy—Requisites of Change of Possession—Vendee Must So Conduct Himself as to Indicate by Appearances Change in Ownership—Actual Possession and Beneficial Use by Vendor Inconsistent with Change of Ownership—When Vendee May With Safety Permit Vendor to Use Property—Necessity of Vendor Retaining Actual and ·Exclusive Possession of Property for Time— Time Requisite to Establish Ownership—Sale Not Sustained as to Vendor's Creditors, if Facts as to Possession Equivocal —Insufficiency of Evidence to Show Change of Possession.*

1. Where facts relating to change of possession of personal property are undisputed, it is a question of law whether such facts constitute such a change of possession as will protect the property from attachment by vendor's creditors.

2. No matter how honest transaction may be, in point of fact, the continuance of vendor in possession after sale renders it fraudulent *per se* and void against his creditors.

3. Requirement that vendee shall take and retain possession in order to protect sale against vendor's creditors is a rule of public policy, the object being to prevent fraud by removing temptation to commit it.

4. While what constitutes sufficient change of possession to perfect a sale of chattels necessarily varies with circumstances of each case, such change of possession must be open, visible, unequivocal, exclusive, continued, and such as to apprise community, or those accustomed to deal with vendor, of the fact that he has ceased to be owner of property; and where possession taken is wanting in any of these requisites, the property remains liable to attachment by creditors of vendor.

5. Vendee in sale must at his peril so conduct himself with respect to property as to indicate to an observer by appearances a change in ownership.

6. Actual possession and beneficial use of property by vendor continued after sale are inconsistent with change of ownership, and are conclusive evidence against it so far as the rights of creditors are concerned.

7. After sale has become perfected by such a visible, notorious, and continued change of possession that the creditors of vendor may be presumed to have notice of it, vendee can lend or let such property to vendor with same safety as to a stranger.

8. If vendee would perfect his title against attachment by vendor's creditors, he must retain actual and exclusive possession of the property for a period sufficient to render his possession and ownership notorious and well understood in the neighborhood, until which he acts at his peril if he suffers vendor to have possession and use of property as he did before sale.

9. Facts relied upon as showing possession in the vendee should be unequivocal, and, when control and use of property by vendor and vendee are so confused and mixed as to have question of possession uncertain, the sale cannot be sustained against an attaching creditor.

10. Evidence *held* insufficient to show such change of possession in sale of automobile as would protect it from attachment by vendor's creditors.

ACTION OF TROVER. Plea, general issue with notice. Trial by jury at the December Term, 1922, Lamoille County, *Chase,* J., presiding. Verdict directed for defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*R. W. Hulburd* and *F. G. Fleetwood* for the plaintiff.

*W. A. Dutton* for the defendant.

TAYLOR, J. H. Waite & Son, creditors of Walter H. Isham, sued out a writ of attachment and by virtue thereof on June 2, 1921, attached a certain automobile as the property of Isham. They obtained judgment in the action at the December Term, 1921, of Lamoille county court and seasonably thereafter took

out execution on the judgment and caused it to be levied on the automobile which had been attached. Later by their direction the automobile was duly sold under the execution. The defendant, as a deputy sheriff, made the attachment and the subsequent levy and sale. He took possession of the property attached and retained the possession until it was sold on the execution. Subsequent to the sale the plaintiff brought this action of trover for the conversion of the automobile. The issue at the trial was whether the plaintiff had title to the automobile good as against an attaching creditor of Isham. The trial was by jury and at the close of the evidence each party moved for a directed verdict in his favor. The court overruled the plaintiff's motion and directed a verdict for the defendant. The exceptions taken to this action present the only questions for review.

It appeared in evidence that on May 23, 1921, the plaintiff purchased two automobiles of Isham, paying him $1,000 in cash for the same. Isham gave the plaintiff a bill of sale, which recited that he gave the plaintiff possession of the cars that day. The automobile in question, a seven passenger Hudson touring car, had been purchased by Isham of Henry Puffer of Richford, Vermont, and was at the time of the sale to the plaintiff in Puffer's possession at Richford. The plaintiff took immediate possession of the other car, a Chevrolet roadster, and took it to his home in Morrisville. Some three days later Isham brought the Hudson car to the plaintiff's premises. The latter testified on this subject as follows: "Walter Isham brought it to me and I had it in my charge and my barn. The first night I kept it there to home and the next day we made trip to Montreal, or the next day but perhaps one." It was in evidence that the plaintiff and Isham with their wives took a trip to Montreal in the car and that Isham drove the car on the trip "the biggest part of the way." They returned from Montreal on May 31, 1921. On their return the car was put in the plaintiff's barn. Isham used it after the sale whenever he wished. It was not kept in Isham's barn nights, but in the plaintiff's barn. The plaintiff testified that he let Isham have the car to run around town with as he wished—"him and his family"—and that he was so using the car at the time it was attached. When attached the car was standing in the yard of the house where Isham lived. He had been using it to run around the village and was "at the car" when attachment was made. During the time in question the

car was registered in Isham's name and the plaintiff took no steps to have the registration changed up to the time of the sale on execution. The plaintiff was at that time a dealer in trucks and second-hand cars and had a dealer's license. The evidence was meager as to the use the plaintiff made of the car. He testified that he drove part of the way on the Montreal trip, and one witness, a garage man, testified that the plaintiff drove the Hudson car to the garage for gasoline and oil on one occasion before the Montreal trip and that he saw him with the car several times. It appeared that as soon as the plaintiff learned of the attachment he notified the defendant that the car was his and protested against the attachment and subsequent sale.

[1-3] In the circumstances it was the duty of the court to sustain one or the other of the motions for a directed verdict. Where the facts are undisputed it is with us a question of law whether these facts constitute such a change of possession as will protect the property from attachment by the vendor's creditors. *Burrows* v. *Stebbins,* 26 Vt. 659. It is held in some jurisdictions that the fact the vendor has retained possession of the property sold is merely presumptive evidence of fraud in the transaction; but our decisions follow the rule that no matter how honest the transaction may be, in point of fact, the continuance of the vendor in possession after the sale renders it fraudulent *per se* and void against his creditors. This is sometimes referred to as a fraud in law as distinguished from fraud in fact. The requirement that a vendee shall take and retain possession in order to protect the sale against the vendor's creditors is a rule of public policy, the object being to prevent fraud by removing the temptation to commit it. The following are some of the cases where this principle is applied: *Weeks* v. *Wead,* 2 Aikens, 64; *Judd* v. *Langdon,* 5 Vt. 231; *Farnsworth* v. *Shepard,* 6 Vt. 521; *Pierce* v. *Chipman,* 8 Vt. 337; *Foster* v. *McGregor,* 11 Vt. 595, 34 A. D. 713; *Wilson* v. *Hooper,* 12 Vt. 653, 36 A. D. 366; *Hall* v. *Parsons,* 17 Vt. 271; *Stephenson* v. *Clark,* 20 Vt. 624; *Burrows* v. *Stebbins,* 26 Vt. 659; *Rice* v. *Courtis,* 32 Vt. 460, 78 A. D. 597; *Daniels* v. *Nelson,* 41 Vt. 161, 98 A. D. 577; *Rothchild* v. *Rowe,* 44 Vt. 389; *White* v. *Miller,* 46 Vt. 65; *Wheeler* v. *Seldon,* 63 Vt. 429, 21 Atl. 615, 12 L. R. A. 600, 25 A. S. R. 771.

[4] The court held, in sustaining the defendant's motion, that there was not a change of possession of the automobile from Isham to the plaintiff sufficient in law to protect it from attach-

ment by Isham's creditors. What constitutes sufficient change
of possession to perfect a sale of chattel necessarily varies with
the circumstances of each particular case. There are, however,
certain general requirements respecting the change of possession
which must be present in order to make it sufficient. It must be
open, visible, unequivocal, exclusive, continued—such as to
apprise the community, or those accustomed to deal with the
vendor, of the fact that he has ceased to be the owner of the
property. *Moore* v. *Kelley,* 5 Vt. 34, 26 A. D. 283; *Morris* v.
*Hyde,* 8 Vt. 352, 30 A. D. 475; *Kendall* v. *Samson,* 12 Vt. 515;
*Stiles* v. *Shumway,* 16 Vt. 435; *Hall* v. *Parsons, supra; Parker*
v. *Kendrick,* 29 Vt. 388; *Stanley* v. *Robbins,* 36 Vt. 422. Where
the possession taken is wanting in any of these requisites, the
property remains liable to attachment by the creditors of the
vendor. *Weeks* v. *Prescott,* 53 Vt. 57, 71.

[5-9] The following pertinent rules are to be found in the
cases: The vendee must at his peril see to it that he so con-
ducts with the property as to indicate to an observer by the
appearances a change in ownership. *Weeks* v. *Wead, supra;
Stanley* v. *Robbins, supra.* Actual possession and beneficial use
of the property by the vendor after sale are inconsistent there-
with, and are conclusive evidence against it so far as the rights
of creditors are concerned. *Pierce* v. *Chipman, supra.* It does
not follow that the vendee may never thereafter with safety per-
mit the vendor to have to do with the property. After the sale
has become perfected by such a visible, notorious, and continued
change of possession that the creditors of the vendor may be
presumed to have notice of it, the vendee can lend or let it to
the vendor with the same safety as to a stranger. *Dewey* v.
*Thrall,* 13 Vt. 281. But meanwhile, if the vendee would perfect
his title against attachment by the vendor's creditors, he must
retain actual and exclusive possession of the property for a
period sufficient to render his possession and ownership notori-
ous and well understood in the neighborhood. Short of this, he
acts at his peril if he suffers the vendor to have the possession
and use of the property as he did before the sale. *Mills* v.
*Warner,* 19 Vt. 609, 47 A. D. 711; *Farnsworth* v. *Shepard,
supra; Morris* v. *Hyde, supra.* Finally it is essential that the
facts relied upon as showing possession in the vendee should
be unequivocal. When the control and use of the property by
the vendor and vendee are so confused and mixed as to leave the

question of possession uncertain, the sale cannot be sustained against an attaching creditor. *Worman* v. *Kramer*, 73 Pa. 378. A test sometimes applied is whether a careful observer would or would not be at a loss to determine from the appearances who owns and has control of the property. If it is doubtful, the law resolves the doubt against the party who should make the change of possession open and visible to the world. *Flanagan* v. *Wood*, 33 Vt. 332, 340, and earlier cases there cited.

[10] Tested by these rules it must be held that the evidence does not show such a change of possession as would protect the automobile from attachment by Isham's creditors. The character and extent of the plaintiff's possession in connection with Isham's possession and use of the car was not calculated to indicate a change of ownership, but on the contrary was equivocal and would leave an observer in doubt as to which was exercising control of the car. It follows that the court did not err in directing a verdict for the defendant. The plaintiff refers specially to *Farnsworth* v. *Shepard, supra;* but careful attention to the facts of that and the instant case makes their dissimilarity at once apparent.

*Judgment affirmed.*